377 So.2d 706 (1979)
Glen Lawrence MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 55584.
Supreme Court of Florida.
December 6, 1979.
Louis Ossinsky, Jr., of Ossinsky, Krol & Hess, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, Stephen L. Boyles, State's Atty., and Horace Smith, Jr., Asst. State's Atty., Daytona Beach, for appellee.
BOYD, Justice.
This cause is before the Court on appeal from a judgment of the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County. The trial court passed upon the constitutionality of a state law, thus vesting *707 in this Court jurisdiction of the appeal. Art. V, § 3(b)(1), Fla. Const.
Previous to the proceedings culminating in the judgment from which this appeal is brought, the appellant was convicted of murder in the first degree by distribution of heroin proximately causing the death of another in violation of section 782.04(1)(a), Florida Statutes (1973).[1] On appeal, this Court reversed and remanded for a new trial. Martin v. State, 360 So.2d 396 (Fla. 1978).
Before the trial that resulted in the judgment from which appellant's earlier appeal was brought, he moved to dismiss the indictment on constitutional grounds. In that proceeding he also raised issues as to the applicability to him of the first-degree felony murder statute. On remand after appeal to this Court, these contentions were renewed by motion to dismiss. After the denial of his new motion to dismiss, the appellant pursuant to agreement with the state pled nolo contendere to a charge of murder in the second degree, reserving the right to appeal the court's rulings.
The victim of the killing in this case gave money to a heroin user, who took the money, purchased heroin from the appellant with it, brought the heroin back and delivered it to the victim. The victim died from injection of the heroin. The appellant was not present at the time of the delivery of the heroin to the victim, nor at the time of the injection of the heroin or the death of the victim. The appellant never had any contact with the victim.
The appellant presents three issues.

I.
The appellant contends that the first-degree felony murder statute violates due process in that it permits conviction upon a showing of proximate causation of the death by the criminal act of distributing heroin. This standard of causation, appellant contends, is impermissible in a criminal prosecution. He argues that due process requires a more direct causal connection between the culpable conduct and the criminal result.
The appellant contends further that even if such an indirect causation standard is permissible, it is unclear whether the legislature intended such a standard. He says that because the statute is not clear as to whether, in the case of such an indirect causal connection, liability under felony murder is intended, the statute is unconstitutionally vague for failure to advise of what conduct will be considered a violation.
The appellant's arguments are without merit. We hold that the standard for causal relation embodied in the statute is constitutional. We also hold that the legislature has clearly expressed its intent that section 782.04(1)(a) be applicable to a distributor of heroin who has no direct contact with the ultimate user who is killed. The law comports with due process.

II.
The appellant contends that because of the distinction between first-degree felony murder and second-degree felony murder, as intended by the legislature and elucidated by case law, section 782.04(1)(a) is not applicable to one who distributes heroin but has no direct contact with the victim.
Adams v. State, 341 So.2d 765 (Fla. 1976) and State v. Dixon, 283 So.2d 1 (Fla. 1973), say that the difference in language between the felony murder provisions of subsections (1)(a) and (2)[2] demonstrates a legislative *708 intent to resurrect the distinction between principals of the first and second degree on the one hand, and accessories before the fact on the other. A participant in the underlying felony who is not personally present at the time of the killing is liable for second-degree felony murder while a participant who is present is liable for first-degree felony murder. Since the appellant was not present when the victim received the heroin or when he died, he argues that first-degree felony murder is inapplicable.
The appellant further contends that although the Adams and Dixon cases say that his conduct constitutes second-degree rather than first-degree felony murder, second-degree felony murder is inapplicable also, since section 782.04(2) does not include distribution of heroin among its enumerated underlying felonies. He argues, therefore, that his conviction for second-degree murder cannot stand because second-degree felony murder by distribution of heroin is a nonexistent offense.
The appellant's arguments are without merit. We hold that the rule of Adams and Dixon that a participant in the underlying felony who is not present when the killing occurs is liable for second-degree but not first-degree felony murder, applies to all of the enumerated felonies in subsection (1)(a) except distribution of heroin. In the case of a felony murder prosecution based on the underlying felony of heroin distribution, different considerations apply. The heroin distributor, even where the heroin passes through the hands of another before it reaches the victim and kills, and even where the perpetrator is not present when the death occurs, is the principal in the crime. He is the perpetrator of the underlying felony and is liable for first-degree murder.
The appellant pled nolo contendere to the second-degree murder charge and thus admitted the facts necessary to sustain it. We hold that since the facts would have supported a conviction of first-degree murder, the appellant's plea of nolo contendere to second-degree precludes any consideration of the sufficiency of the charge of second-degree murder.

III.
The appellant contends that felony murder liability is not applicable to the facts of this case since the person killed was a voluntary participant in the distribution of heroin. He cites cases holding that the death of a co-felon cannot be the basis for a charge of felony murder.
In State v. Williams, 254 So.2d 548, 550 (Fla.2d DCA 1971), it was said that "the obvious ultimate purpose of the felony-murder statute ... is, we think, to prevent the death of innocent persons likely to occur during the commission of certain inherently dangerous and particularly grievous felonies." Whatever force this rationale may have in dealing with other factual situations that may arise under the statute, we hold that it is inapplicable here. To hold otherwise would undercut the operation of the statute and thwart the obvious legislative purpose. Felony murder liability for distribution of heroin causing death is not inapplicable simply because the victim obtained, possessed and used the heroin voluntarily.
Each of the appellant's contentions is without merit. The judgment of the circuit court is affirmed.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] 782.04 Murder. 

(1)(a) The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, aircraft piracy, or the unlawful throwing, placing, or discharging of a destructive device or bomb, or which resulted from the unlawful distribution of heroin by a person over the age of seventeen years when such drug is proven to be the proximate cause of the death of the user, shall be murder in the first degree and shall constitute a capital felony, punishable as provided in § 775.082.
[2] When perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, or when committed in the perpetration of, or in the attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, aircraft piracy, or the unlawful throwing, placing, or discharging of a destructive device or bomb, except as provided in subsection (1), it shall be murder in the second degree and shall constitute a felony of the first degree, punishable by imprisonment in the state prison for life or for such term of years as may be determined by the court.

§ 782.04(2), Fla. Stat. (1973).