RYDER, Judge.
The state appeals the trial court’s order dismissing an indictment and declaring unconstitutional section 782.04(l)(a) and (4), Florida Statutes (1979). We have jurisdiction.[1]
McCutcheon was indicted in January 1982 pursuant to section 782.04(l)(a), Florida Statutes (1979), for the offense of first degree murder by distributing opium or a synthetic or natural salt compound derivative or preparation of opium, which proximately caused the death of another. Ap-pellee’s motion to dismiss asserted that subsections 782.04(l)(a) and (4) were unconstitutionally ambiguous. The motion alleged that subsections (l)(a) and (4) of the statute *789 are in conflict and, thus, fail to apprise the public of the statutory elements that distinguish murder in the first degree from murder in the third degree.
The arguments expressed by McCutcheon and accepted by the trial court are misplaced. The supreme court, interpreting section 782.04(l)(a), Florida Statutes (1973), in Martin v. State, 377 So.2d 706 (Fla.1979), has already held that this particular section constitutionally charges conduct which constitutes murder in the first degree.
Although the precise constitutional question here was not before the Martin court, the entire section considered there was the same as here but for the word “heroin” rather than the word “opium.”
The statement in Martin regarding the applicability of section 782.04(l)(a) imparted notice that an individual who distributes heroin, which proximately causes the death of another, will be subject to the charge of first degree murder. Accordingly, we hold that under the 1979 statute, appellee had notice that the distribution of opium, which proximately causes the death of another, will subject the distributor to the charge of first degree murder.
Moreover, the trial judge’s reliance on the statutory construction maxim of expressio unius est exclusio alterius urged by appellee lends more support to the state’s position rather than appellee’s. A reading of subsection (l)(a) with subsection (4) in pari materia readily leads one to the understanding that by including the distribution of opium in subsection (l)(a), but excluding this reference in subsection (4), the legislature’s obvious intent was to make that conduct described answerable as first degree murder rather than third degree murder.
Accordingly, we hold there is no ambiguity present in the 1979 version of section 782.04, that the statute passes constitutional muster, and therefore the trial court’s dismissal of the indictment was error. We REVERSE and REMAND this cause to the lower tribunal for proceedings consistent with this opinion.
BOARDMAN, A.C.J., and SCHOON-OVER, J., concur.

. Art. V, § 4(b)(1), Fla. Const.