Michael Wayne Duren appeals the circuit court's summary dismissal of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged his December 10, 1996, convictions for first-degree robbery and attempted murder, and his January 27, 1997, sentences of life imprisonment without parole for each count, to be served concurrently. The convictions and the sentences were affirmed on direct appeal. Duren v. State,725 So.2d 1083 (Ala.Crim.App. 1997) (table), cert. denied,734 So.2d 1005 (Ala. 1998) (table). The court issued a certificate of judgment in this case on January 16, 1998. (C. 58.) On January 24, 2000, Duren filed a petition for a writ of habeas corpus in the Escambia Circuit Court; that court summarily dismissed his petition. Duren appealed. On appeal, this court ordered the Escambia Circuit Court to treat the writ like a Rule 32, Ala.R.Crim.App., petition, and to set aside its order, and to transfer the petition to the Madison Circuit Court. On February 2, 2000, before the petition was transferred to the Madison Circuit Court, Duren filed a petition for postconviction relief with the Madison Circuit Court.[1] In this petition, Duren makes the following allegations of error:
 1. That the district court lacked jurisdiction to bind him over to a grand jury because there was no affidavit from the complaining police officer at the time a magistrate issued an arrest warrant;
 2. That his counsel was ineffective because counsel did not object to the failure of the trial court to swear the jurors before to voir dire;
 3. That the indictment was void because it failed to "show and prove that 12 people voted to indict the petitioner."
Duren also "checked the blocks" in his petition that alleged that his convictions, entered pursuant to guilty pleas either were unlawfully induced or were not voluntarily made and that his sentence exceeded the maximum authorized by law. However, the record reflects that Duren did not plead guilty to these offenses; the record further shows that his sentences did not exceed the maximum authorized by law. On March 7, 2000, the circuit court summarily dismissed Duren's petition, stating that the petition was precluded by Rule 32.2(a)(3) and (5), that Duren had failed to *Page 930 
meet his burden of proof and that the allegations did not meet the specificity requirements of Rule 32.6(b), that there was no material issue of fact or law that would entitle Duren to relief, and that the petition was without merit. Duren appeals.
On appeal, Duren restates his three allegations of error set out above, and argues that the trial court erred in denying his petition without making finding of facts under Rule 32.9, Ala.R.Crim.P.
 "Rule 32.7(d), Ala.R.Crim.P., permits the trial court to dismiss the petition `if the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.'"
Patty v. State, 652 So.2d 337, 338-39 (Ala.Crim.App. 1994). "Rule 32.7 does not require the trial court to make specific findings of fact upon a summary dismissal." Fincher v. State,724 So.2d 87, 89 (Ala.Crim.App. 1998).
As to Duren's issues regarding the number of grand jurors who voted to indict him and the improper arrest warrant, both issues are nonjurisdictional. Therefore, they should have been raised at trial, but were not, and are thus precluded from review under a Rule 32 petition. Boyd v. State, 746 So.2d 364 (Ala.Crim.App. 1999); Eaton v. State, 423 So.2d 352 (Ala.Crim.App. 1982); Rule 32.2(a)(3), Ala.R.Crim.P.
Duren argues that he was denied effective assistance of counsel because his trial counsel failed to object to the trial court's failure to swear the jury before voir dire. Duren argues that, as a result, he was denied due process because, he says, he was convicted by a jury that was not lawfully empaneled. Duren relies on Holland v. State, 668 So.2d 107 (Ala.Crim.App. 1995), and on Rule 12.1(c), Ala.R.Crim.P., as support for his argument. Duren also relies on a copy of the record of his trial containing the voir dire and the jury selection proceedings which he attached to his petition for postconviction relief. That portion of the record does not indicate that the jury was sworn before voir dire.
In Ex parte Hamlett, 815 So.2d 499 (Ala. 2000), the Alabama Supreme Court considered this identical issue. In determining that the Madison Circuit Court should have determined whether the jury had been properly sworn, the Court wrote:
 "In Holland [v. State, supra,] the defendant argued that his conviction should be reversed because `the record [did] not contain the oath administered to the prospective jurors before their voir dire examination.' Id. at 107-08. The court stated that while there is no statutory requirement that veniremembers be sworn, `"[a]n oath should be administered to prospective jurors prior to voir dire examination so that any answers given by these jurors will be under such oath."' Id. at 108, quoting Tarver v. State, 500 So.2d 1232, 1241 (Ala.Crim.App. 1986) (citing State v. Tharp, 42 Wn.2d 494, 256 P.2d 482 (1953), and Duffy v. State, 567 S.W.2d 197 (Tex.Crim.App.), cert. denied, 439 U.S. 991 (1978)). The court noted that there was no reason why the principles governing the administration of an oath to the petit jurors should not also govern the administration of an oath to the venire. Id. Therefore, the court remanded Holland's case for an inquiry into whether the venire had been properly sworn.
 "Rule 12.1(c), Ala.R.Crim.P., also supports [Duren's] argument. Rule 12.1(c) provides: *Page 931 
 "`(c) Qualifying the Venire. On the opening day of the term, or on such other day as the venire shall have been summoned to appear, the judge presiding shall proceed to organize the court, by:
"`. . . .
 "`(2)Administering or causing to be administered to the jurors the following oath as required by law;
 "`"Do you and each of you solemnly swear or affirm that you will well and truly answer all questions propounded to you touching your general qualifications as a juror, or qualifications as a grand juror or petit juror, and that you will well and truly try all issues and execute all writs of inquiry submitted to you and true verdicts render according to the law and evidence, so help you God?"'
". . . .
 "We are aware that some circuit judges administer the oath to the entire venire, in a location outside the courtroom, before selected members of the venire enter the courtroom for the jury-selection process. The trial judge may have done that in [the defendant's] case; if he did, then the trial transcript would not reflect that the venire had been sworn. [The record is silent as to whether the venire was sworn prior to voir dire.]
 "Therefore, we do not reach [Duren's] claim of ineffective assistance of counsel. We remand this case . . . for the trial court to make such findings as are necessary to determine whether the venire was properly sworn."
815 So.2d. at 499-501. (Bracketed material added.)
We make the same determination in this case. From the record, we conlude that Duren's petition was timely filed; it appears that this Rule 32 petition was Duren's first opportunity to raise an ineffective-assistance-of-counsel issue, and his petition was sufficiently pleaded to raise that issue. Thus, the circuit court erred in summarily dismissing Duren's ineffective-assistance-of-counsel claim without first making a finding as to whether the jury was sworn prior to voir dire. We remand this case to the circuit court to make such a finding. The return to remand shall contain a transcript of the proceedings, if a hearing is determined to be necessary, and the circuit court should make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P. The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 60 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.
[1] Although Duren's petition was filed in the Madison Circuit Court after the two-year statutory limitations period had expired on January 16, 2000, the certificate of service on the petition indicates that Duren placed the petition in the mail on January 13, 2000, three days before the two-year statute of limitations period passed. We have long held that petitions from pro se prisoners will be considered filed on the date the petition is placed in the hands of prison officials. Ex parte Williams,651 So.2d 569 (Ala. 1992). In addition, the Supreme Court adopted Rule(4), Ala.R.App.P., effective September 1, 2000, which provides that a notice of appeal field by an inmate will be considered timely filed if deposited in the institution's mail system on or before the last day for filing. In this case, even though Duren did not complete question no. 18 in his petition, stating when the petition was mailed, the district attorney did not challenge the date listed on the certificate of service; consequently, that date must be accepted as the filing date. We will therefore consider the petition timely filed. Holland v. State, 621 So.2d 373
(Ala.Crim.App. 1993). *Page 932