814 So.2d 459 (2001)
Gabriel FERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1939.
District Court of Appeal of Florida, Fourth District.
November 21, 2001.
Gabriel Fernandez, Wewahitchka, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Gabriel Fernandez (Appellant) appeals an order summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, after this court earlier reversed in part a prior denial of the same motion for reconsideration of parts (D) and (E) of Appellant's fourth ground for relief, both of which were claims of ineffective assistance of counsel. See Fernandez v. State, 758 So.2d 1199 (Fla. 4th DCA 2000). On remand, the trial court denied both claims based on the state's response, attaching portions of the record. We conclude that the trial court did not err in summarily denying part (E) based on the portions of the record that were attached to the trial court's order of denial and affirm the order as to that claim without further discussion. We reverse and remand, however, as to part (D).
*460 In part (D) of the fourth ground of his motion, Appellant claimed that his trial counsel was ineffective in failing to object to the trial court's failure to place the prospective jurors under oath prior to voir dire. We disagree with the state's position that the portions of the trial transcript attached to the order of denial in connection with this claim refuted the claim by establishing that the potential jurors in fact were placed under oath by another judge prior to being brought into the courtroom for voir dire. Those pages are entirely inconclusive on the question of whether the prospective jurors ever were sworn, and, as we previously noted, that ground may be legally sufficient. See Mesidor v. State, 521 So.2d 333 (Fla. 4th DCA 1988) (reversing the denial of a motion for postconviction relief based on the trial court's failure to swear in an interpreter); Ex parte Hamlett, 815 So.2d 499 (Ala.2000) (remanding for a finding as to whether the jury was sworn prior to voir dire as necessary before the appeals court could determine whether the defendant's attorney was ineffective for failing to object to the lack of an oath); Duren v. State, 813 So.2d 928 (Ala.Crim.App.2000) (same).
Accordingly, we affirm in part and reverse in part, remanding for the trial court to conduct an evidentiary hearing or to attach further portions of the files and records showing conclusively that Appellant is entitled to no relief on part (D) of the fourth ground of his motion for postconviction relief.
POLEN, C.J., SHAHOOD and HAZOURI, JJ., concur.