826 So.2d 457 (2002)
Derrick L. LOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-5083.
District Court of Appeal of Florida, First District.
September 12, 2002.
*458 Appellant, pro se.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
Derrick L. Lott, the defendant, appeals a final order summarily denying his postconviction motion under rule 3.850 of the Florida Rules of Criminal Procedure. Of the seven grounds stated in the motion, one merits discussion. The defendant claims that the jurors were not placed under oath before the jury selection process began, and that his appointed counsel was ineffective in failing to object to this omission. We conclude that the allegations of the motion are insufficient to state a valid claim of ineffective assistance of counsel. Therefore, we affirm the summary denial of the motion.
The oath in controversy here is the preliminary oath prospective jurors are required to take to ensure that they will give truthful answers to questions regarding their qualifications. See Fla.R.Crim.P. 3.300(a). The defendant does not contend that the judge neglected to administer the trial oath to the jurors once they had been selected to serve in his case. See Fla. R.Crim.P. 3.360. According to the motion, the defendant's trial counsel was "deficient in her performance" in that she "failed to object when the trial court judge failed to place [the] prospective jurors under oath prior to voir dire."
By this statement, the defendant has merely alleged that the preliminary oath was not given in the courtroom by the trial judge. He has not alleged that the jurors failed to take the oath. In many Florida courts, the preliminary oath is administered to the venire in a jury assembly room, before the jurors are questioned about their legal qualifications and before they are divided into smaller groups for questioning in individual cases. See Pena v. State, 27 Fla. L. Weekly D1542 (Fla. 2d DCA July 3, 2002); Gonsalves v. State, 26 Fla. L. Weekly D2530 (Fla. 2d DCA Oct.19, 2001). Rule 3.300(a) does not require that the preliminary oath be given at a particular time or that it be given more than once. If the jurors have taken the oath in the jury assembly room, they need not take it again in the courtroom.
We are unable to determine whether the jury in this case had taken the preliminary oath earlier in the day, but the defendant did not eliminate this possibility in his motion. It may well be that the defendant's *459 counsel said nothing about the oath before the questioning on voir dire in the courtroom, because she knew that it had been given already. The defendant has failed to account for this entirely innocent explanation of his lawyer's conduct. Consequently, he has not made a facially sufficient claim that her performance was deficient.
The motion is facially insufficient for the additional reason that it does not allege that the neglect or omission by counsel caused any harm. The defendant is unable to show prejudice arising from his counsel's silence in the face of the trial court's failure to administer the oath, because he can not show that the results of the proceeding would have been different had counsel objected. He does not claim, for example, that an unsworn juror provided false information and that the defendant would likely have prevailed at trial with a different juror.
We acknowledge that the defendant's argument appears to be supported by a decision of the Fourth District Court of Appeal. See Fernandez v. State, 814 So.2d 459 (Fla. 4th DCA 2001). However, the opinion in Fernandez does not address the potential prejudice a defendant might suffer if his counsel fails to ensure that the preliminary oath is given. Nor is this point discussed in any of the cases cited as authority in the Fernandez opinion. See Mesidor v. State, 521 So.2d 333 (Fla. 4th DCA 1988); Ex parte Hamlett, 815 So.2d 499 (Ala.2000); Duren v. State, 813 So.2d 928 (Ala.Crim.App.2000). Perhaps the motion in Fernandez did adequately state a claim of prejudice and that fact was simply not discussed in the opinion. In any event, we adhere to the view that a defendant asserting a claim of ineffective assistance of counsel must allege that the act or omission of counsel was prejudicial.
For these reasons, we conclude that the defendant's postconviction motion was facially insufficient to state a claim of ineffective assistance of counsel, and the trial court correctly denied the motion without an evidentiary hearing.
Affirmed.
ALLEN, C.J., and DAVIS, J., CONCUR.