826 So.2d 457 (2002)
Jason S. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3097.
District Court of Appeal of Florida, First District.
September 12, 2002.
Nancy A. Daniels, Public Defender, and Anne H. Dunlap, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This direct criminal appeal was brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Having reviewed the entire record, we agree that no reversible error occurred. We affirm the appellant's revocation of probation and imposition of judgment and sentence. However, we note that the corrected written order of revocation of probation does not conform to the oral pronouncement, an issue preserved for review by a timely motion under rule 3.800(b)(2).
While the transcript of the hearing of revocation of probation shows that Appellant admitted violating only conditions (11) and (12) of his probation, the first paragraph of the written order of revocation of probation states that Appellant also admitted violating conditions (5) and (7) of his probation. An order of revocation of probation should conform to the trial court's oral pronouncement, and if it includes violations of conditions which were not addressed at the hearing on the violation of probation, those violations should be stricken. See Salvatierra v. State, 691 So.2d 32 (Fla. 3d DCA 1997); Narvaez v. State, 674 So.2d 868 (Fla. 2d DCA 1996).
We therefore strike the language stating that Appellant violated conditions (5) and (7) of his probation and remand for entry of a corrected order. See Walker v. State, 686 So.2d 758 (Fla. 1st DCA 1997). Appellant need not be present.
AFFIRMED.
ALLEN, C.J., and BOOTH and BARFIELD, JJ., concur.