829 So.2d 289 (2002)
Jose PENA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1066.
District Court of Appeal of Florida, Second District.
October 18, 2002.
*291 James Marion Moorman, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Jose Pena appeals his judgment for first-degree murder and his sentence of life without possibility of parole. Mr. Pena was charged and convicted of murder resulting from the unlawful distribution of an illegal drug under section 782.04(1)(a)(3), Florida Statutes (1999). Although Mr. Pena raises several issues warranting discussion and certification to the supreme court, we affirm the judgment and sentence.

I. FACTS
On September 10, 1999, a citizen found the dead body of a young woman in the front yard of a Hillsborough County home. An investigation determined that the woman was Mirranda Fernandes. She was twenty-two years old and had died of a drug overdose. Her body contained lethal doses of both heroin and MDMA, also known as ecstasy.
Further investigation established that Ms. Fernandes and a girlfriend visited Mr. Pena's apartment on the evenings of September 7 and 9. According to Ms. Fernandes's girlfriend, on the first evening Mr. Pena gave Ms. Fernandes ecstasy. When the women returned on September 9, Ms. Fernandes used alcohol, marijuana, heroin, and ecstasy. In a recorded statement, Mr. Pena admitted that he gave heroin to Ms. Fernandes on the evening of September 9, but claimed that she brought her own supply of ecstasy on that night. Mr. Pena admitted that when he woke up the following day, he discovered Ms. Fernandes unresponsive in his apartment. After efforts to revive her failed, he placed her body in a car and dumped it in the location where she was later found.
Based on this investigation, the State charged Mr. Pena with a first-degree murder by drug distribution under section 782.04(1)(a)(3), Florida Statutes (1999). This statute provides:
782.04 Murder.
(1)(a) The unlawful killing of a human being:
. . . .
(3) Which resulted from the unlawful distribution of any substance controlled under s. 893.03(1), cocaine as described in s. 893.03(2)(a)4., or opium or any synthetic or natural salt, compound, derivative, or preparation of opium by a person 18 years of age or older, when such drug is proven to be the proximate cause of the death of the user,
is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.
First-degree murder by drug distribution has been a recognized offense since 1972. See ch. 76-141, § 1, Laws of Fla.; ch. 72-724, § 3, Laws of Fla. It apparently is a rarely charged offense that has not generated a standard jury instruction or significant case law. The offense was first mentioned in Jones v. State, 360 So.2d 1293 (Fla. 3d DCA 1978), where the defendant was actually convicted of manslaughter. In Martin v. State, 377 So.2d 706 (Fla.1979), the supreme court upheld the constitutionality of a drug-distribution, first-degree murder statute as it applied to an indirect supplier of heroin. See also Ingleton v. State, 700 So.2d 735 (Fla. 5th DCA 1997) (affirming conviction based *292 upon this offense and other first-degree murder theories).
At trial, the State presented evidence sufficient to convict Mr. Pena of this offense, and the jury found him guilty as charged. The trial court imposed a mandatory life sentence. Mr. Pena raises three issues on appeal: (1) that the trial court committed fundamental error in failing to instruct the jury of the age requirement for the defendant under section 782.04(1)(a)(3) and in permitting a conviction on this charge when his age was not alleged in the information, (2) that the trial court committed fundamental error by failing to swear the venire prior to voir dire, and (3) that the trial court committed fundamental error by failing to instruct the jury on justifiable and excusable homicide. It is worth emphasizing that all of these issues come to this court unpreserved, apparently because trial counsel did not view these issues as important to the defense of the case. None of these issues comes to this court with any record suggesting that the alleged errors were actually harmful to Mr. Pena during the course of this trial.

II. FAILURE TO ALLEGE OR INSTRUCT REGARDING DEFENDANT'S AGE
As quoted above, first-degree murder by drug distribution requires that the offender be eighteen years of age or older. The information filed in this case did not allege that Mr. Pena was eighteen years of age or older. Moreover, Mr. Pena's age was not included in the jury instructions. However, it is undisputed that Mr. Pena was twenty-eight years of age at the time of the offense. His recorded statement, which was presented to the jury, established that his birth date was June 25, 1971. Mr. Pena did not object to the omission of this fact from either the information or the jury instructions. Thus, the first issue on appeal is whether either or both of these omissions are harmful, fundamental error.
The Third District has held that it is fundamental error to convict a defendant of capital sexual battery when neither the information nor the verdict makes reference to the fact that the offender is eighteen years of age or older. See Baker v. State, 604 So.2d 1239 (Fla. 3d DCA 1992); cf. Glover v. State, 815 So.2d 698 (Fla. 5th DCA 2002) (finding capital sexual battery instruction that failed to list defendant's age as element of offense was harmless error where instruction advised that defendant must be over eighteen and, based on facts, no reasonable jury could have found defendant to be less than eighteen). By contrast, the Fourth District has rejected the concept that age is an "element" of capital sexual battery and instead regards age as a sentencing factor. See Jesus v. State, 565 So.2d 1361 (Fla. 4th DCA 1990). From a functional standpoint, such an age requirement for a defendant simply limits an offense to an adult offense and not a crime supporting an adjudication of juvenile delinquency.
We decline to enter the debate on whether the defendant's age is an element of an offense or a sentencing factor. We merely hold that when there is no factual dispute that the defendant is old enough to commit first-degree murder by drug distribution and the defendant cannot show that he was confused or misled about the charged crime, the defendant can waive the need for this allegation in the information by failing to move to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(b).[1]
*293 Likewise, we conclude that it is not fundamental error to omit an instruction on the defendant's age when the undisputed evidence establishes that the defendant's age fulfills the statutory age requirement for this offense. See, e.g., State v. Delva, 575 So.2d 643 (Fla.1991) (finding failure to instruct jury on element of offense charged is not fundamental error if record shows that there was no dispute as to that element); King v. State, 800 So.2d 734 (Fla. 5th DCA 2001) (same). Mr. Pena's defense hinged on issues of causation. It would not have helped Mr. Pena had the jury been instructed that he needed to be eighteen years of age or older to commit the charged offense. His lawyer could not have argued that Mr. Pena was below the statutory age. No jury could lawfully find that Mr. Pena was under the age of eighteen. This is one of those rare situations where the failure to instruct on a statutory requirement of the crime can be regarded as harmless beyond a reasonable doubt. There is no reason to retry these charges against a twenty-eight-year-old offender because the jury was not advised that he needed to be at least eighteen years of age to commit this offense.

III. FAILURE TO SWEAR VENIRE PRIOR TO QUESTIONING
Mr. Pena argues that the trial court committed fundamental error when it failed to swear the venire prior to jury selection. Florida Rule of Criminal Procedure 3.300(a) requires that the members of the venire, the group of jurors from which a jury will be selected, each swear that they will truthfully answer all questions during jury selection. Mr. Pena does not cite any prior cases directly on point. Instead, he relies on cases holding that it is error for the trial court to fail to swear the trial jurors prior to the commencement of trial as required by Florida Rule of Criminal Procedure 3.360. See Brown v. State, 29 Fla. 543, 10 So. 736 (1892); compare Fla. R.Crim. P. 3.300(a) with Fla. R.Crim. P. 3.360 (requiring jurors to swear they will truly try issues in case and render a true verdict according to law and evidence).
In response, the State argues that it is a common practice for another judge or a deputy clerk to swear the potential jurors in another room, when they are part of a general jury pool, prior to the venire's assignment to any particular courtroom. Case law permits a trial judge to delegate to a deputy clerk the process of swearing potential jurors. See Johnson v. State, 660 So.2d 648, 660 (Fla.1995). From its own experience, this court is aware that the oath is sometimes given to the venire in another courtroom in the presence of a different court reporter. Nevertheless, we cannot and will not rely on factual information about the jury selection process that is outside our record.
It is clear from our record that the trial judge did not swear the venire. It is equally clear that no lawyer asked the judge to swear the venire or to confirm that the potential jurors were already sworn. Mr. Pena has not alleged or proven *294 by posttrial motions or affidavits that the venire was unsworn.
We are not required to decide whether it would be fundamental error to conduct a trial with members of a venire that had not been sworn. In this case, there is simply no record as to whether the venire was sworn. As a result, Mr. Pena is unable to demonstrate that the jurors from that venire were not sworn. He does not claim that any member of the venire gave untruthful answers during questioning. In this case, we merely hold that fundamental error is not established by a record that fails to demonstrate, one way or the other, whether the venire received the oath required by rule 3.300(a). But see Martin v. State, 816 So.2d 187 (Fla. 5th DCA 2002) (holding that if defendant would have preserved issue of failure to swear venire, state would bear burden of supplementing record to establish compliance with rule 3.300).

IV. FAILURE TO INSTRUCT ON JUSTIFIABLE AND EXCUSABLE HOMICIDE
Because there is no standard jury instruction addressing section 782.04(1)(a)(3), the parties in this case each submitted different instructions. In the process of resolving the instructions, neither party asked for instructions on justifiable or excusable homicide. Accordingly, although the trial court gave instructions on lesser-included offenses, including second-degree murder, third-degree murder, and manslaughter, it omitted the standard jury instructions for justifiable and excusable homicide.
The omission of the justifiable or excusable homicide instructions in a murder case can be fundamental, reversible error in some instances. See, e.g., Rojas v. State, 552 So.2d 914 (Fla.1989); Van Loan v. State, 736 So.2d 803, 804 (Fla. 2d DCA 1999); Smith v. State, 773 So.2d 1278, 1279 (Fla. 5th DCA 2000). The offense described in section 782.04(1)(a)(3), however, is an unusual form of felony murder. The defendant does not need to intend an act of homicide. In fact, the defendant does not even need to possess knowledge of the drug overdose or to be present when it occurs. If the defendant unlawfully distributes an illegal drug and the distribution results in a death caused by the drug, then the defendant is guilty of first-degree murder under section 782.04(1)(a)(3).
At least in the factual context of this case, justifiable homicide and excusable homicide are not material issues. The following standard instructions are the instructions omitted during this trial:
JUSTIFIABLE HOMICIDE
§ 782.02, Fla. Stat.
The killing of a human being is justifiable homicide and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant, or to commit a felony in any dwelling house in which the defendant was at the time of the killing.
EXCUSABLE HOMICIDE
§ 782.03, Fla. Stat.
The killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances:
1. When the killing is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or
2. When the killing occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or

*295 3. When the killing is committed by accident and misfortune resulting from sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel and unusual manner.
Mr. Pena presented no evidence to support these potential defenses. If the judge had read these instructions, they would not have given the defense attorney any additional argument to present to the jury. Even a jury searching for a way to return a partial jury pardon would not find anything useful in these instructions.
Most of the cases in which the omission of these instructions was found to be harmful error involve second-degree murder convictions. See, e.g., Roberts v. State, 694 So.2d 825 (Fla. 2d DCA 1997); Alejo v. State, 483 So.2d 117, 117 (Fla. 2d DCA 1986); Smith, 773 So.2d at 1278. In the analysis of second-degree murder convictions, justifiable and excusable homicide can play a significant role because they are important instructions for the lesser-included offense of manslaughter, which is one step removed from second-degree murder. See, e.g., State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978) (finding per se reversible error only when court fails to instruct jury on the lesser-included offense that is one step removed from the conviction). In this case, however, the omitted instructions are not needed for the jury to resolve either the charged offense upon which Mr. Pena was convicted or the next lesser offense of second-degree murder. Accordingly, we decline to reverse Mr. Pena's conviction based on this unpreserved error.
At trial, the disagreement between the parties over the jury instructions centered primarily on the best method to explain the element of causation to the jury. We conclude that the trial court's instruction on causation was adequate. However, given the disputes in this case over the jury instructions, we suggest to the Florida Supreme Court Committee on Standard Jury Instructions in Criminal Cases that a standard jury instruction for this offense would be helpful.
Because there is no standard jury instruction for this offense and a dearth of case law interpreting the statute creating it, we certify the following questions as matters of great public importance:
I.
IS IT FUNDAMENTAL ERROR FOR A TRIAL COURT TO OMIT AN INSTRUCTION THAT THE DEFENDANT MUST BE EIGHTEEN YEARS OF AGE OR OLDER TO COMMIT DRUG-DISTRIBUTION, FIRST-DEGREE MURDER UNDER SECTION 782.04(1)(a)(3), FLORIDA STATUTES (1999), WHEN IT IS UNDISPUTED THAT THE DEFENDANT IS OVER EIGHTEEN?
II.
IS IT FUNDAMENTAL ERROR FOR A TRIAL COURT TO OMIT INSTRUCTIONS ON EXCUSABLE AND JUSTIFIABLE HOMICIDE WHEN A DEFENDANT IS CHARGED AND CONVICTED OF DRUG-DISTRIBUTION, FIRST-DEGREE MURDER UNDER SECTION 782.04(1)(a)(3), FLORIDA STATUTES (1999), AND THE FACTUAL CIRCUMSTANCES DO NOT SUPPORT ANY JURY ARGUMENT RELYING UPON THE EXCUSABLE OR JUSTIFIABLE HOMICIDE INSTRUCTIONS?
Affirmed.
GREEN and KELLY, JJ., Concur.
NOTES
[1] We are aware of the line of cases holding that the failure to allege an essential element of an offense in the charging document is fundamental error, see State v. Von Deck, 607 So.2d 1388 (Fla.1992); Velasquez v. State, 654 So.2d 1227 (Fla. 2d DCA 1995); State v. Roberts, 616 So.2d 79 (Fla. 2d DCA 1993), and that such an issue can be raised at any time. State v. Gray, 435 So.2d 816 (Fla.1983). These cases, however, are distinguishable. They involve defendants convicted of aggravated assault without allegations that the defendant created a well-founded fear of imminent violence in the victim. In those cases, the missing element constituted the actus reas of the offense. In contrast, the missing element in this case was the defendant's age, which is simply a requirement that this crime be an adult offense. Mr. Pena's age cannot be considered part of the act required for a conviction under section 782.04(1)(a)(3), Florida Statutes (1999).