830 So.2d 265 (2002)
Joseph GONSALVES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4784.
District Court of Appeal of Florida, Second District.
November 15, 2002.
*266 Terrence E. Kehoe of Law Offices of Terrence E. Kehoe, Orlando, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Anne S. Weiner, Assistant Attorney General, Tampa, for Appellee.
BLUE, Chief Judge.
Joseph Gonsalves appeals his convictions and sentences for leaving the scene of an accident resulting in death and driving with a revoked license and causing a death. We affirm the convictions, reverse the sentences, and remand for resentencing.
The first issue presented in this appeal contends that fundamental error requires a reversal of Mr. Gonsalves' convictions because the record on appeal failed to reflect that the prospective jurors were sworn prior to questioning as required by Florida Rule of Criminal Procedure 3.300(a). The purpose of this oath is to ensure that prospective jurors truthfully answer questions about their qualifications to serve as part of a particular jury. The record on appeal initially lacked any record of this important component of a criminal jury trial. The State subsequently supplemented the record, and we are satisfied that there was compliance with rule 3.300(a). However, difficult problems were presented by this issue because of an apparently common practice in the trial courts to comply with rule 3.300(a) in a common jury pool room but then fail to recite the compliance for the record in each case. In order to make a record on appeal that reflects compliance with rule 3.300(a), we encourage trial judges to include on the record either the swearing of the prospective jurors or to recite that the prospective jurors were properly sworn prior to questioning. See Pena v. State, 829 So.2d 289 (Fla. 2d DCA 2002) (holding that fundamental error is not established by record that fails to demonstrate whether the venire received the required oath).
We have considered each of Mr. Gonsalves' remaining issues addressed to his convictions and reject them without discussion. Mr. Gonsalves also presented several issues related to his sentences; two of his points warrant discussion and relief.
In the charging information, the State alleged that Mr. Gonsalves drove a motor vehicle with a revoked driver's license and caused "the death of another human being, to wit: J.R. Brown or Ruth Ann Brown." Significantly for Mr. Gonsalves' argument, the information alleged the death of a single human being. Driving with a revoked license and causing the death of another human being is a violation of section 322.35(6), Florida Statutes (1997), a third-degree felony. In preparing the sentencing guidelines scoresheet, victim injury points were included for two deaths. Mr. Gonsalves contends that because the information only charged one death, victim injury points could be included for only one death, not two.
In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory *267 maximum must be submitted to a jury, and proved beyond a reasonable doubt." Pursuant to Apprendi, the trial court erred in assessing victim injury points for two victims without a jury finding of two deaths. The statutory maximum sentence for a third-degree felony is five years in prison. § 775.082, Fla. Stat. (1997); see, e.g., Caraballo v. State, 805 So.2d 882 (Fla. 2d DCA 2001) (statutory maximum for sexual battery for purposes of Apprendi analysis is that contained in section 775.081). Because the victim injury points for the second victim resulted in a sentence beyond the statutory maximum and the fact of two deaths was not decided beyond a reasonable doubt by the jury, Mr. Gonsalves is entitled to relief. Accordingly, we reverse the sentences on both counts and remand for resentencing with a corrected scoresheet reflecting victim injury points for only one victim.
Mr. Gonsalves also correctly contends that his prior North Carolina conviction was improperly scored as a felony conviction because the State failed to meet its burden of proving the level of the conviction. In order to score a prior conviction from a foreign jurisdiction as prior record, the trial court must determine "whether the conviction is analogous to a Florida statute." Dautel v. State, 658 So.2d 88, 91 (Fla.1995). "[O]nly the elements of the out-of-state crime, and not the underlying facts, should be considered in determining whether the conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet." Id. Here, the State failed to establish that Mr. Gonsalves' prior North Carolina conviction was analogous to a Florida felony. Accordingly, on remand, the North Carolina prior conviction shall be scored as a misdemeanor. See Dautel.
We affirm the convictions, reverse both sentences, and remand for resentencing with the scoresheet corrected in accordance with this opinion.
FULMER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.