848 So.2d 418 (2003)
Kenneth Edward DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-726.
District Court of Appeal of Florida, Second District.
June 27, 2003.
*419 DAVIS, Judge.
Kenneth Edward Davis appeals the summary denial of his motion for postconviction relief. In his motion, Davis alleged three instances of ineffective assistance of counsel. We affirm the trial court's denial of relief on all three claims; however, we write to clarify one issue.
Davis was convicted at jury trial of attempted robbery with a firearm, false imprisonment, and aggravated battery with a firearm. He argues that his trial counsel was ineffective for not objecting to the trial court's failure to administer the oath to the jury venire requiring them to give truthful answers during the voir dire proceedings.
See Fla. R.Crim. P. 3.300(a). He cites Fernandez v. State, 814 So.2d 459 (Fla. 4th DCA 2001), as support. Fernandez concluded that such an allegation is facially sufficient if the trial transcript shows that the oath was not administered at trial and is inconclusive as to whether the oath was given prior to the prospective jurors being brought to the courtroom for trial. In Fernandez, the court remanded the issue to the trial court for an evidentiary hearing to determine whether the oath was in fact administered.
However, the First District took a different approach in Lott v. State, 826 So.2d 457 (Fla. 1st DCA 2002). Lott also claimed that his attorney was ineffective because he failed to object when the trial judge did not administer the required oath. However, in affirming the denial of relief, Judge Padovano concluded that since Lott had failed to allege that the oath was never given, he failed to state a facially sufficient claim for postconviction relief. We agree with Judge Padovano's reasoning.
In order to demonstrate ineffective assistance of counsel, the movant must establish that counsel's performance was deficient and that the deficiency so prejudiced the movant that he or she was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, Davis has failed to state a facially sufficient claim on each of the prongs.
Previously, this court has recognized that in many trial courts the preliminary oath is administered in the jury assembly room or at some other location when all of the prospective jurors for the several trials to be held in the courthouse on that day are assembled. See Pena v. State, 829 So.2d 289 (Fla. 2d DCA 2002); Gonsalves v. State, 830 So.2d 265 (Fla. 2d DCA 2002). As such, we agree with Judge Padovano's conclusion in Lott:
It may well be that the defendant's counsel said nothing about the oath before the questioning on voir dire in the courtroom, because she knew that it had been given already. The defendant has failed to account for this entirely innocent explanation of his lawyer's conduct. Consequently, he has not made a facially sufficient claim that her performance was deficient.
Lott, 826 So.2d at 458-59.
Thus, Davis' failure here to allege that the oath was never administered rendered his motion facially insufficient as to the deficient performance prong of Strickland.
Furthermore, to state a facially sufficient claim, Davis must also allege that the attorney's omission resulted in some harm. That is, he must allege that as a result of *420 the attorney's silence, the oath was not given and that an unsworn juror provided false information that would have made a difference in the trial. He makes no such allegation, and accordingly, has failed to state a facially sufficient claim as to the prejudice prong of the Strickland test.
We acknowledge that our reasoning as to the sufficiency of the allegation as to the deficient performance prong appears to be in conflict with Fernandez. Accordingly, we certify conflict with Fernandez as to this issue.
Affirmed, conflict certified.
FULMER and KELLY, JJ., concur.