855 So.2d 144 (2003)
Johnnie L. HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-591.
District Court of Appeal of Florida, Fourth District.
August 13, 2003.
Johnnie L. Hayes, Jasper, pro se.
No appearance required for appellee.
Prior report: 805 So.2d 118.

EN BANC
WARNER, J.
The trial court summarily denied appellant's motion for postconviction relief. We affirm on all issues and write to address only appellant's allegation of ineffectiveness of counsel for not objecting to the trial court's failure to swear the venire prior to voir dire. We hold the motion is facially insufficient to require a response.
In appellant's motion for postconviction relief, he claimed, inter alia, that his counsel was ineffective "where counsel failed to *145 properly object to the trial court's failure to place his panel of prospective jurors under oath prior to voir dire." He alleges that if counsel had objected, the trial court would have administered the oath and the jurors would have been legally mandated to tell the truth, ensuring an impartial jury. In denying relief on this issue, the trial court determined that the allegations were insufficient and failed to demonstrate prejudice. The trial court also recognized the St. Lucie County Circuit Court's practice, like most circuit courts, of swearing the venire in the jury assembly room before the jurors are sent to the respective courtrooms.
We agree with the first district's holding in Lott v. State, 826 So.2d 457, 458 (Fla. 1st DCA 2002), that an ineffective assistance of counsel claim based upon counsel's failure "`to object when the trial court judge failed to place [the] prospective jurors under oath prior to voir dire' " is legally insufficient to warrant further proceedings. The court concluded such a claim did not preclude the likely possibility that counsel failed to object because counsel knew the venire was placed under oath in the jury assembly room. See id. at 458-59; see also Pena v. State, 829 So.2d 289, 293-94 (Fla. 2d DCA 2002). In this case, appellant asserted the identical allegation but failed to preclude the possibility that the jury was sworn elsewhere than in the courtroom.
The court further noted in Lott that a motion alleging failure to swear a jury is also insufficient where it fails to show prejudice entitling the movant to relief. See 826 So.2d at 459. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires that a movant demonstrate both ineffective performance by counsel and that such ineffectiveness actually prejudiced the defendant to such an extent that the result of the proceeding was rendered unreliable or that a different result was likely but for counsel's deficiencies. Appellant failed to show that the results of the proceeding would have been different or that an unsworn juror lied during voir dire, affecting the jury composition. See Pena, 829 So.2d at 294.
We recede from Fernandez v. State, 814 So.2d 459 (Fla. 4th DCA 2001). In Fernandez, as here, appellant also alleged in his postconviction relief motion that trial counsel was ineffective for not objecting to the trial court's failure to place prospective jurors under oath prior to voir dire. The trial court summarily denied the motion, and we reversed on the ground that the claim was not refuted on the record. We suggested that such a claim may be legally sufficient. However, we did not address the prejudice prong. See id. at 460. We now consider the first district's Lott opinion as the correct analysis.
Affirmed.
FARMER, C.J., GUNTHER, STONE, POLEN, KLEIN, STEVENSON, SHAHOOD, GROSS, TAYLOR, HAZOURI and MAY, JJ., concur.