862 So.2d 30 (2003)
Nathaniel Jerome OTTESEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5628.
District Court of Appeal of Florida, Second District.
September 19, 2003.
COVINGTON, Judge.
Nathaniel Jerome Ottesen appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Ottesen raised thirteen claims of ineffective assistance of trial counsel. We affirm five claims without discussion. We affirm on the sixth claim and write to certify conflict. As to the remaining seven claims, we reverse and remand for further proceedings.
Ottesen alleged that his trial counsel was ineffective for failing to request a limiting jury instruction on the use of Ottesen's prior convictions. He claimed that his counsel should have requested that the jury be instructed that it could not consider Ottesen's prior convictions as substantive evidence of guilt. He also claimed that his counsel was ineffective for failing to rehabilitate him on direct examination by eliciting the fact that Ottesen pleaded guilty in his prior convictions. Ottesen argued that this information would have rehabilitated his credibility, thus affecting the outcome of the trial.
The trial court denied this claim on the basis that Ottesen waived his right to challenge the jury instructions by failing to object at trial. A challenge to a jury instruction is properly raised on appeal, but when defense counsel has failed to preserve the right to appeal the issue, a defendant may challenge his counsel's performance through a motion for postconviction relief filed pursuant to rule 3.850. See Harvey v. Bugger, 656 So.2d 1253, 1256 (Fla.1995); Bouchard v. State, 847 So.2d *31 598, 599 (Fla. 2d DCA 2003). Therefore, Ottesen properly raised this claim in his rule 3.850 motion, and the trial court erred in denying it without holding an evidentiary hearing or attaching portions of the record which conclusively refute it. See Gadson v. State, 773 So.2d 1183 (Fla. 2d DCA 2000).
Ottesen further alleged that his counsel was ineffective for failing to object when the trial court failed to swear in the prospective jurors prior to voir dire. However, Ottesen failed to satisfy the deficiency prong of an ineffective assistance of counsel claim because he did not allege that the oath was never administered. See Davis v. State, 848 So.2d 418 (Fla. 2d DCA 2003); Lott v. State, 826 So.2d 457 (Fla. 1st DCA 2002), review denied, No. SC02-2426, 845 So.2d 891 (Fla. May 6, 2003) (table decision). In addition, Ottesen did not demonstrate how he was prejudiced by his counsel's failure to object. Therefore, he has not satisfied the prejudice prong of an ineffective assistance of counsel claim. See Davis, 848 So.2d at 419-20. We affirm the trial court's order on this claim, and we certify conflict with Fernandez v. State, 814 So.2d 459 (Fla. 4th DCA 2001), as to this issue, as we did in Davis. 848 So.2d at 420.
Ottesen also raises six claims in his motion that the trial court failed to address in its order of denial. Therefore, we reverse and remand for the trial court to consider the merits of the claims pursuant to the procedure set forth in rule 3.850.
Affirmed in part, reversed in part, and remanded.
STRINGER and CANADY, JJ., Concur.