COPE, J.
(concurring).
In his postconviction motion, defendant-appellant Hector Alfredo Ubilla states that when the venire of jurors was brought to the courtroom for voir dire in his case, the jurors were not sworn prior to voir dire examination. He maintains that he is entitled to a new trial or that his counsel was ineffective for failure to lodge an objection.
The trial court properly rejected the claim. The trial court’s order states that “it is well established in Miami-Dade County Criminal Court that all potential jurors are sworn in each morning prior to being sent to a particular judge for voir dire. Miami-Dade County criminal jurors are held in the 7th floor pool until they are sworn in masse.” The trial court was entitled to take judicial notice of this procedure.
In support of his motion, the defendant relies on the decision in Fernandez v. State, 814 So.2d 459 (Fla. 4th DCA 2001). The Fourth District has subsequently receded from Fernandez. See Hayes v. State, 855 So.2d 144, 145 (Fla. 4th DCA 2003) (en banc) (“The trial court also recognized the St. Lucie County Circuit Court’s practice, like most circuit courts, of swearing the venire in the jury assembly room before the jurors are sent to the respective courtrooms.”); Davis v. State, *452 848 So.2d 418, 419 (Fla. 2d DCA 2003) (“Previously, this court has recognized that in many trial courts the preliminary oath is administered in the jury assembly room or at some other location when all of the prospective jurors for the several trials to be held in the courthouse on that day are assembled.”); Lott v. State, 826 So.2d 457, 458 (Fla. 1st DCA 2002) (“In many Florida courts, the preliminary oath is administered to the venire in a jury assembly room, before the jurors are questioned about their legal qualifications and before they are divided into smaller groups for questioning in individual cases.”), review denied, 845 So.2d 891 (Fla.2003).