898 So.2d 1036 (2005)
Tonnie Lee MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3074.
District Court of Appeal of Florida, Fifth District.
March 11, 2005.
Rehearing Denied April 19, 2005.
Tonnie L. Martin, Malone, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Tonnie Lee Martin appeals the denial of his motion for post-conviction relief, which contains ten claims of ineffectiveness of counsel. We affirm the denial of relief and write only to address his claim that his convictions should be reversed because there is no affirmative showing in the record that the prospective jurors were sworn before jury selection.
Under rule 3.300(a), Florida Rules of Criminal Procedure, prospective jurors should swear that they will answer truthfully all questions directed to them. Martin argues that his conviction should be reversed because the record does not show *1037 that the venire was sworn before voir dire. In his direct appeal, Martin argued that his conviction should be reversed because the record did not show that the venire was sworn, and we stated that if the issue had been preserved by an objection, it would have been the state's burden to supplement the record in some manner to establish compliance with the rule. Martin v. State, 816 So.2d 187, 188 (Fla. 5th DCA 2002). In denying relief on this issue, the court below relied on Lott v. State, 826 So.2d 457 (Fla. 1st DCA 2002), which held that relief was properly denied because the appellant had alleged only that the oath was not taken in the courtroom: the motion did not eliminate the possibility that the oath was taken in the jury assembly room, a common practice in Florida courts, and that counsel did not object because counsel knew the oath had been taken. Id. at 459-460. See also Hayes v. State, 855 So.2d 144 (Fla. 4th DCA 2003) (same), receding from Fernandez v. State, 814 So.2d 459 (Fla. 4th DCA 2001); compare Pena v. State, 829 So.2d 289 (Fla. 2d DCA 2002). Lott also held that relief was not warranted because the appellant had not shown prejudice in that he had not shown that an unsworn juror gave false information or that he would have prevailed at trial with a different juror. Id. at 460. See also Hayes (same).
In the instant case, although it may have been an accident of emphasis and phrasing, Martin did allege that the venire was never sworn before voir dire, so his motion does not suffer the facial insufficiency detected in Lott and Hayes. Moreover, we are not necessarily persuaded that a petitioner for post-judgment relief must show prejudice out of the failure to take an oath from the venire. Nevertheless, as recognized in Lott, Hayes, and Pena, it is a common practice to obtain oaths from the venire outside the courtroom. Therefore, Martin's allegation that the venire was never sworn, i.e., that the oath was not taken in the jury assembly room, is not grounded in fact. In light of the practice of taking prospective jurors' oaths outside the courtroom, it is pure speculation on Martin's part to allege that they were never sworn.[1]
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] We adhere to our statement in Martin that if the claim is preserved, it is the state's burden to show that the oath was given. Such an objection would by its nature "eliminate [the] possibility ... that the defendant's counsel said nothing about the oath before questioning on voir dire in the courtroom, because she knew that it had been given already," Lott, 826 So.2d at 458.