STEVENSON, C.J.
Brandall Kendric Allen appeals his convictions and sentences for burglary of a dwelling and grand theft, challenging the burglary instruction, the scope of questioning during voir dire, comments by the prosecutor during closing argument, the denial of a motion for mistrial, and his sentencing scoresheet. Allen fails to demonstrate any reversible error with respect to the convictions. We find merit, however, in the argument directed to the score-sheet and write to address the sentencing issue.
The scoresheet error raised by Allen concerns the scoring of out of state convictions. Florida Rule of Criminal Procedure 3.704(d)(14) provides that, in calculating the points to be assessed for a defendant’s prior record, an out of state conviction is to be scored “at the severity level at which the analogous or parallel Florida crime is located.” Determining which Florida crime is analogous to the out of state conviction requires a comparison of the elements of the crimes. See, e.g., Gonsalves v. State, 830 So.2d 265, 267 (Fla. 2d DCA 2002). The burden of proof on this issue lies with the State. Id.
Here, the “prior record” section of Allen’s scoresheet included four convictions for dealing in stolen property, listed as second degree felonies and level five offenses and contributing 14.4 points to *68 Allen’s score. At the sentencing hearing, Alienas counsel objected to the scoring of the four convictions for dealing in stolen property, arguing that these were Alabama convictions and that the actual charge in Alabama was receiving stolen property, the elements of which counsel insisted were more akin to Florida’s theft crime and, depending on the value of the property, could be equivalent to Florida’s petit theft, a misdemeanor. Despite the objection, the State failed to present any evidence demonstrating the Alabama crimes were the equivalent of Florida’s dealing in stolen property and were appropriately scored. The State’s claim that any error is harmless as the sentence imposed under the erroneous scoresheet could have been imposed even if the score-sheet were corrected in a manner consistent with Allen’s argument on appeal is without merit. See State v. Anderson, 905 So.2d 111, 112 (Fla.2005) (holding that “a scoresheet error requires resentencing unless the record conclusively shows that the same sentence would have been imposed using a correct scoresheet”) (emphasis added); Cruz v. State, 884 So.2d 105 (Fla. 4th DCA 2004), review denied, 913 So.2d 598 (Fla.2005). We thus reverse Allen’s sentence and remand the case for resen-tencing. On remand, the State may cure its failure of proof with respect to the Alabama crimes. See Erickson v. State, 565 So.2d 328, 336-37 (Fla. 4th DCA 1990); Doner v. State, 515 So.2d 1368 (Fla. 2d DCA 1987).
Affirmed in part, Reversed in part, and Remanded.
WARNER and MAY, JJ., concur.