PER CURIAM.
 

 Tyrone Murray appeals the trial court’s order denying his postconviction motions filed pursuant to Florida Rule of Criminal Procedure 3.850. The order denied Murray’s original postconviction motion, supplemental motion, and addendum. We affirm the trial court’s denial of all the claims except for one.
 

 In claim nine, Murray alleged that trial counsel was ineffective for failing to object to the witness tampering jury instruction. Murray alleged the trial court instructed the jury on acts not alleged in the Information. Specifically, Murray alleged that he was charged with a violation of subsection 914.22(l)(a), Florida Statutes, but the trial court instructed the jury on subsections 914.22(l)(a)-(f), Florida Statutes. In denying the postconviction motion, the trial court found that Murray’s allegations failed to show that counsel’s performance was deficient. The trial court did not elaborate on its holding.
 

 “A challenge to a jury instruction is properly raised on appeal, but when defense counsel has failed to preserve the right to appeal the issue, a defendant may challenge his counsel’s performance through a motion for postconviction relief filed pursuant to rule 3.850.”
 
 Ottesen v. State,
 
 862 So.2d 30, 30 (Fla. 2d DCA 2003). It is improper to instruct on subsections of the witness tampering statute that are not charged.
 
 See Casica v. State,
 
 24 So.3d 1236, 1241 (Fla. 4th DCA 2009) (holding it reversible error to instruct the jury on subsections (a) and (e) of section 914.22(1), Florida Statutes (2005), where defendant was charged with violating only subsection (e)). Accordingly, we reverse only the portion of the order denying postconviction relief as to claim nine and remand this case to the trial court for an evidentiary hearing as to that claim or for the attachment of those portions of the record that conclusively refute claim nine.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 ORFINGER, C.J., GRIFFIN, and SAWAYA JJ., concur.