COBB, Judge.
The defendant, Bertie DeGarmo, was indicted for kidnapping and aggravated assault. Because he had previously pled guilty to the aggravated assault charge in a juvenile proceeding, and because the assault and kidnapping arose from the same incident, the trial judge granted DeGarmo’s motion to dismiss the kidnapping charge in an order which stated:
ORDERED AND ADJUDGED, this Court finds the defendant, BERTIE EUGENE DEGARMO, entered guilty plea to the offense of Aggravated Assault which was accepted before the Honorable Frances Jamieson, Circuit Judge, Juvenile Division, on May 23, 1983. That after the plea to Aggravated Assault the Grand Jury indicted the Defendant for the offenses of Kidnapping and Aggravated Assault. The charges of Kidnapping *601 and Aggravated Assault arose out of the same incident as charged by the State in Circuit Court Juvenile Division as Aggravated Assault. This Court finds that the offense of Aggravated Assault is a lesser included offense to the charge of Kidnapping and subsequent prosecution of Defendant after his guilty plea to Aggravated Assault was barred by the principle of former jeopardy. Additionally, the State in argument before this Court has conceded that Count II of the Indictment, the charge of Aggravated Assault, was barred by former jeopardy. Defendant’s Motion to Dismiss the grand jury indictment is therefore, GRANTED.
The state appeals the dismissal of the indictment. Aggravated assault is not a lesser included offense of kidnapping. See Blockburger v. United, States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and Bell v. State, 437 So.2d 1057 (Fla.1983). Therefore, the portion of the order dismissing the kidnapping indictment was erroneous, and we reverse in that respect. On the other hand, the minor’s plea in the delinquency proceeding in regard to aggravated assault was not void under section 39.02(5)(e), Florida Statutes (1983),[1] because that crime is not a capital or life offense. See Lisak v. State, 433 So.2d 487 (Fla.1983).
AFFIRMED in part; REVERSED in part; and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.

. Section 39.02(5)(c), Florida Statutes (1983), provides in pertinent part:
(c) 1. A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set forth in s. 39.06(7) unless and until an indictment on such charge is returned by the grand jury. When an indictment is returned, the petition for delinquency, if any, shall be dismissed. The child shall be tried and handled in every respect as if he were an adult:
a. On the offense punishable by death or by life imprisonment; and
b. On all other felonies or misdemeanors charged in the indictment which are based on the same act or transaction as the offense punishable by death or by life imprisonment or on one or more acts or transactions connected with the offense punishable by death or by life imprisonment.
2. No adjudicatory hearing shall be held within 21 days from the date that the child is taken into custody and charged with having committed an offense punishable by death or by life imprisonment unless the state attorney advises the court in writing that he does not intend to present the case to the grand jury or that he has presented the case to the grand jury and the grand jury has returned a no true bill. If the court receives such a notice from the state attorney, or if the grand jury fails to act within the 21-day period, the court may proceed as otherwise authorized under this chapter.