JOANOS, Judge.
Carver has appealed from his conviction and sentence for armed kidnapping and two counts of aggravated assault with a firearm. We affirm.
Prior to the events which formed the basis for the convictions herein, Carver had been romantically involved with one of the victims, Amy, but the relationship had been broken off by Amy and her family. On the evening of September 4, 1988, Carver used his vehicle to force off the road the truck in which Amy was riding with three of her friends. Carver then approached the truck, pointed a gun at the driver, Scott Rhoden, and ordered him to open the door. Carver was convinced to surrender his weapon while he and Amy talked at the back of the truck. They argued, and Carver retrieved *259 the gun. Amy attempted to flee, but Carver caught her in a headlock and, holding the gun to her head, forced her into his car. He drove off, and the other three reported the incident to the police.
Carver took Amy to a deserted bridge, where he kept her for 22 hours, repeatedly threatening to kill her, then himself. Amy testified that, at one point, she opened the car door and attempted to leave, but that Carver pointed the gun at her and threatened to shoot her. At some time on September 5, 1988, Carver decided to return Amy to her home, and the incident ended.
Carver was charged in a three-count information with armed kidnapping with intent to inflict bodily harm or terrorize the victim (Count I), aggravated assault on Amy (Count II), and aggravated assault on Scott Rhoden (Count III). No motion to dismiss the information or any count thereof was filed prior to trial. At the close of the state’s case, the defense moved to dismiss Count II (aggravated assault on Amy) as a necessarily lesser included offense of armed kidnapping. The trial judge reserved ruling on the motion, and the jury returned a verdict of guilty on all counts. The defense thereupon moved to vacate the conviction on Count II on double jeopardy grounds, which was denied, the trial court finding that the conviction was proper based on testimony that Amy was not only kidnapped, but that other, separate acts of aggravated assault were committed against her.
The court sentenced Carver on Count I to nine years incarceration with a three-year minimum mandatory sentence for use of a firearm, pursuant to Section 775.087(2)(a), Florida Statutes (1987). Carver received five years probation on Count II, to run consecutively to Count I, and on Count III, was sentenced to five years incarceration to run concurrently with Count I, with a three-year minimum mandatory sentence to run consecutively to that in Count I.
Carver first alleges that he cannot properly be convicted of both kidnapping and aggravated assault with regard to Amy, in that any aggravated assault committed against her during the subsequent confinement was an inherent part of the ongoing kidnapping. We disagree. Aggravated assault is not a necessarily lesser included offense of kidnapping, State v. DeGarmo, 454 So.2d 600, 601 (Fla. 5th DCA 1984),. but it is a Category. 2 lesser included offense thereof, i.e., it may or may not be included in the offense, depending on the evidence.
Kidnapping is defined as “forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to ... inflict bodily harm upon or to terrorize the victim_” § 787.01(l)(a)3, Fla.Stat. (1987) (emphasis supplied). Here, the evidence showed that Carver forced Amy into his car at gunpoint and drove off with her, at which point the kidnapping offense was complete, without necessity for the subsequent confinement.
An aggravated assault is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent, committed with a deadly weapon without intent to kill. §§ 784.011(1) and 784.021(l)(a), Fla.Stat. (1987). There was evidence at trial that, on at least one occasion during the confinement which followed the kidnapping, Carver halted an escape attempt by pointing the gun at Amy and threatening to kill her. Therefore, under the facts of this case, Carver was properly charged with separate counts of kidnapping and aggravated assault against Amy.
However, Carver also contends that, because the charging information did not specify the incident relied upon to make the charge in Count II, the information was fatally defective as to that count. Rule 3.140(d)(1), Florida Rules of Criminal Procedure, provides that “each count ... upon which the defendant is to be tried shall allege the essential facts constituting the offense charged,” and (d)(3) goes on to state that “each count ... shall contain allegations stating as definitely as possible the time and place of the commission of the *260 offense charged.” A perusal of the information filed against Carver reveals that the charge as stated complies with these requirements.
If, however, a defendant believes that the information “fails to inform [him] of the particulars of the offense sufficient to enable him to prepare his defense,” the court “upon motion, shall order the prosecuting attorney to furnish a statement of particulars.” Fla.R.Crim.P. 3.140(n). No such motion was filed by the defense herein. Further, the record reflects that no motion to dismiss Count II of the information based on vagueness was ever filed. An information that completely fails to charge a crime is fundamentally defective. However, where the charging allegations are merely incomplete or imprecise, the failure to timely file a motion to dismiss under Rule 3.190(c) waives the defense, and it cannot be raised for the first time on appeal. Jones v. State, 415 So.2d 852, 853 (Fla. 5th DCA), rev. den., 424 So.2d 761 (Fla.1982).
Therefore, because the evidence presented at trial shows that a separate aggravated assault was committed against Amy, apart from the force used to effectuate the kidnapping, and because any vagueness inherent in Count II of the information was waived by the failure to file a timely motion to dismiss that count, we affirm on this issue.
Carver also alleges as error the imposition of consecutive three-year minimum mandatory terms as to Counts I and III of the information, and the state concedes error. However, we find no error, and affirm on this issue as well. Palmer v. State, 438 So.2d 1 (Fla.1983), specifically did not prohibit consecutive minimum mandatory sentences for offenses “arising from separate incidents occurring at separate times and places.” Palmer at 4; see also, State v. Thomas, 487 So.2d 1043, 1044 (Fla.1986) (consecutive minimum mandatory sentences appropriate for two separate and distinct offenses involving two separate and distinct victims).
Here, the aggravated assault charged in Count III of the information was committed against Scott Rhoden, occurring when Carver forced Rhoden off the road, approached his window, and threatened to shoot him. The evidence shows that Carver then surrendered his weapon and went to the back of the truck, where he conversed with Amy for some indeterminate period of time. When their discussion became heated, Carver retrieved the gun, and used it to commit the kidnapping offense against Amy. Thus, the evidence reflects that two separate offenses occurred at two separate times and places against two separate victims, Palmer, Thomas, warranting the imposition of consecutive minimum mandatory terms for those offenses.
Affirmed.
SHIVERS, C.J., and ZEHMER, J., concur.