STONE, Chief Judge.
We affirm Appellant’s conviction for corruption by threat under section 838.021, Florida Statutes (1997). Appellant argues that the information actually charged Appellant with harming the officer in question, rather than threatening to harm him, and because there was no evidence that Appellant physically harmed the officer, he should have been acquitted. Section 838.021 provides that an accused can be convicted of “corruption by threat” in one of two ways; either unlawfully harming a public servant or unlawfully threatening to harm a public servant. The information under which Appellant was charged states, “William Hart ... did unlawfully harm a public servant, to-wit... .William Hart did threaten to get said officer and conduct a cross burning with plenty of rounds (bullets) at said officer’s house if [the officer] placed defendant under arrest, ... contrary to ... F.S. 838.021(l)(a), (3)(a).”
Appellant asserts that the way the information is worded, it charged him only with harming the officer, rather than threatening harm, notwithstanding the wording in the “to wit” clause. However, Appellant never properly presented this argument to the trial court. Florida Rule *335 of Criminal Procedure 3.140(n) provides that if a defendant believes that the information “fails to inform [him] of the particulars of the offense sufficient to enable him to prepare his defense,” the court may order the prosecuting attorney to furnish a statement of particulars. However, Appellant failed to file a motion for such. Neither did Appellant file a motion to dismiss, or in any other way raise this objection to the court before the conclusion of the trial. “[W]here the charging allegations are merely incomplete or imprecise, the failure to timely file a motion to dismiss under Rule 3.190(c) waives the defense, and it cannot be raised for the first time on appeal.” Carver v. State, 560 So.2d 258, 260 (Fla. 1st DCA 1990); see also Ross v. State, 664 So.2d 1004, 1008 (Fla. 4th DCA 1995) (objection to variance between the allegations in indictment and evidence presented at trial must be raised to the trial court either through a motion to dismiss or a judgment of acquittal in order to preserve the issue for appellate review).
Furthermore, Appellant was not prejudiced or embarrassed at trial by any ambiguity, as the record is clear that the case was tried on, and Appellant defended himself against, a charge of threatening harm. See State v. Dell'Orfano, 651 So.2d 1213 (Fla. 4th DCA 1995) (information only legally insufficient if it is so vague or indefinite as to mislead or embarrass accused, or subject him or her to multiple prosecution). We also note that Appellant had no objection to the court’s instruction to the jury that they could find Appellant guilty of corruption by threat if he “threatened unlawful harm.” charging the jury on finding guilt of corruption by threat by threatening unlawful harm. We, therefore, affirm Appellant’s conviction and sentence.
DELL and STEVENSON, JJ„ concur.