901 So.2d 781 (2005)
Jose PENA, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-2411.
Supreme Court of Florida.
February 24, 2005.
Rehearing Denied April 25, 2005.
*782 James Marion Moorman, Public Defender and Terrence E. Kehoe, Special Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, Florida, Robert J. Krauss, Senior Assistant Attorney General and Erica M. Raffel, Assistant Attorney General, Tampa, FL, for Respondent.
QUINCE, J.
We have for review a decision of the Second District Court of Appeal on the following two questions, certified to be of great public importance:
IS IT FUNDAMENTAL ERROR FOR A TRIAL COURT TO OMIT AN INSTRUCTION THAT THE DEFENDANT MUST BE EIGHTEEN YEARS OF AGE OR OLDER TO COMMIT DRUG-DISTRIBUTION, FIRST-DEGREE MURDER UNDER SECTION 782.04(1)(a)(3), FLORIDA STATUTES (1999), WHEN IT IS UNDISPUTED THAT THE DEFENDANT IS OVER EIGHTEEN?
IS IT FUNDAMENTAL ERROR FOR THE TRIAL COURT TO OMIT INSTRUCTIONS ON EXCUSABLE AND JUSTIFIABLE HOMICIDE WHEN A DEFENDANT IS CHARGED AND CONVICTED OF DRUG-DISTRIBUTION, FIRST-DEGREE MURDER UNDER SECTION 782.04(1)(a)(3), FLORIDA STATUTES (1999), AND THE FACTUAL CIRCUMSTANCES DO NOT SUPPORT ANY JURY ARGUMENT RELYING UPON THE EXCUSABLE OR JUSTIFIABLE HOMICIDE INSTRUCTIONS?
Pena v. State, 829 So.2d 289, 295 (Fla. 2d DCA 2002). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer both certified questions in the negative.

THE FACTS
Jose Pena was convicted of first-degree murder and sentenced to life without the possibility of parole for the murder of Mirranda Fernandes. On September 10, 1999, Fernandes was found dead on a neighborhood sidewalk. She died from lethal doses of heroin and methylene dioxymethamphetamine (MDMA), also known as ecstasy.
There was testimony presented at trial that on the evenings of September 7 and 9, 1999, Fernandes and a girlfriend visited Pena at his apartment. On September 7, Pena gave Fernandes ecstasy. On the evening of September 9, Fernandes consumed alcohol, marijuana, heroin, and ecstasy. Pena denied providing Fernandes with ecstasy. He eventually admitted that on the evening of September 9 he gave Fernandes what he thought was heroin. He stated that after he and Fernandes took the heroin, they fell asleep. When he *783 awoke, Fernandes was not breathing. He stated that he tried to revive her but could not. Pena then told police that he and a friend put Fernandes in a car. They drove her to a residential neighborhood and dumped her body along the sidewalk.
Pena was charged with first-degree murder by drug distribution under section 782.04, Florida Statutes (1999). Although the statute requires the defendant to be eighteen years of age or older, the indictment failed to make the specific allegation that Pena was at least eighteen at the time of Fernandes' death. Pena told police he was born in 1971, which made him twenty-eight years old at the time of the crime. Pena did not move to dismiss the indictment, nor did he challenge the applicability of the statute based on his age.
Pena's defense at trial was based on causation. Pena argued that the State failed to prove that Fernandes died as a direct result of any drug he gave her. Pena was found guilty as charged. On appeal, Pena argued that the trial court committed fundamental error in failing to instruct the jury on the age requirement of the statute and in permitting a conviction when his age was not alleged in the indictment. Pena also claimed that the trial court committed fundamental error by failing to swear the venire prior to voir dire and by failing to instruct the jury on justifiable and excusable homicide. None of these claims were raised at the trial level.
On appeal, the Second District affirmed Pena's conviction and sentence. Finding that there is little case law interpreting section 782.04(1)(a)(3) and that there is no standard jury instruction for the offense of first-degree murder by drug distribution, the Second District certified the two questions set forth above as questions of great public importance.

LAW AND ANALYSIS

I. Age Element of Section 782.04(1)(a)(3), Florida Statutes (1999)

A. Jury Instruction
Pena was indicted on a charge of first-degree murder by drug distribution. Section 782.04(1)(a)(3), Florida Statutes provides:
782.04 Murder.
(1)(a) The unlawful killing of a human being:
. . . .
3. Which resulted from the unlawful distribution of any substance controlled under s. 893.03(1), cocaine as described in s. 893.03(2)(a)4., or opium or any synthetic or natural salt, compound, derivative, or preparation of opium by a person 18 years of age or older, when such drug is proven to be the proximate cause of the death of the user, is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.
The jury instruction given at the conclusion of the evidence did not contain age as an element of the offense. Pena made no objection to the jury instruction as given and Pena did not request any addition to the instruction. On appeal, the Second District affirmed Pena's conviction despite his argument that it was fundamental error to fail to include age as an element in the jury instruction. The Second District opined that under the circumstances, where it is undisputed that the defendant is over the age of eighteen and age is not a disputed element at trial, it is not fundamental error to omit to instruct on the age element. Specifically, the district court found that it was "not fundamental error to omit an instruction on the defendant's age when the undisputed evidence establishes that the defendant's age fulfills the *784 statutory age requirement for this offense." Pena, 829 So.2d at 293. In so holding, the district court cited to this Court's opinion in State v. Delva, 575 So.2d 643 (Fla.1991). The district court then certified the question to this Court as one of great public importance.
In Delva, the defendant was charged by information with trafficking in cocaine. His defense at trial was that he did not know that the cocaine was in his car. On appeal, he argued that the trial court erred in failing to instruct the jury that the defendant must have knowledge that the substance was cocaine. The district court reversed his conviction and certified as a question of great public importance whether the trial court must instruct the jury on the knowledge element. We quashed the decision of the district court, finding that failure to instruct the jury on an element of the offense charged is not fundamental error if the record shows there was no dispute as to that element. We said:
Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal. E.g., Stewart [v. State, 420 So.2d 862 (Fla.1982)] (trial court did not instruct on intent to permanently deprive as element of robbery, but defendant admitted at trial that he stole the victim's personal property); Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984) (no instruction on elements of robbery, but facts of robberies conceded with mistaken identity being the only contested issue), review denied, 467 So.2d 1000 (Fla.1985); Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981) (same as Morton).
575 So.2d at 645. We reiterated this standard in Reed v. State, 837 So.2d 366 (Fla.2002). Although we reversed and found fundamental error in Reed, we did so because the element contained in the erroneous jury instruction was disputed at trial. We cited to the Delva opinion for the proposition that jury instructions are subject to the contemporaneous objection rule and will only be reviewed on appeal without an objection if the error is fundamental and for the proposition that failure to instruct on an element of an offense over which there is no dispute is not fundamental error. Reed, 837 So.2d at 370.
The district court in this case reached a similar conclusion and relied on the fact that Pena's defense at trial was based on issues of causation, that Pena could not have argued that he was below the statutory age, and that no jury could have found that he was below the statutory age. The court concluded, "This is one of those rare situations where the failure to instruct on a statutory requirement of the crime can be regarded as harmless beyond a reasonable doubt." Pena, 829 So.2d at 293.
We agree with the district court. There is no dispute that Pena was twenty-eight years old at the time of the crime. In his recorded statement, Pena indicated he was born on June 25, 1971. This recorded statement was presented to the jury. No contrary evidence was introduced. Furthermore, Pena voiced no objection that the instruction did not include age as an element of the crime. Under the specific facts of this case, even if Pena had objected and preserved this issue for review, the error would be harmless. See Glover v. State, 863 So.2d 236, 238 (Fla.2003) (holding that although the defendant's age is a statutory element of capital sexual battery, failure to include the age element in the jury instructions was not fundamental error where the defendant's age was not a disputed fact). Therefore, we answer the first certified question in the negative and hold that in this case, the trial court's failure to instruct the jury on the age requirement of section 782.04(1)(a)(3) was not fundamental error *785 because the undisputed evidence established that Pena was more than eighteen years of age at the time of the crime.

B. Indictment
Pena also alleges that age is an essential element of section 782.04(1)(a)(3), Florida Statutes (1999), for first-degree murder by drug distribution and must be alleged in the charging document. Pena was charged in a one-count indictment which stated:
The Grand Jurors of the County of Hillsborough, State of Florida, charge that JOSE FRANCISCO PENA, on or between the 9th day of September, 1999, and the 10th day of September, 1999, in the County of Hillsborough and State of Florida, did unlawfully and feloniously kill a human being, to-wit: MIRRANDA FERNANDES while engaged in the perpetration of, or in the attempt to perpetrate the unlawful distribution of Heroin and/or Methylene dioxymethamphetamine (MDMA), a substance controlled under Florida State [sic] 893.03(1), to MIRRANDA FERNANDES, the said drugs being the proximate cause of the death of MIRRANDA FERNANDES, contrary to the form of the statute in such cases made and provided, to-wit: Florida Statute 782.04.
Although the language of the indictment tracks the language of section 782.04(1)(a)(3), it does not allege Pena's age at the time of the crime. Pena did not object to the sufficiency of the indictment, nor did he move to dismiss it. Pena contends, however, that the failure to charge the element of age in the indictment was fundamental error which may be raised for the first time on appeal.
This Court has held that the sufficiency of an indictment is determined by considering whether the indictment "is so vague, inconsistent and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." Tucker v. State, 459 So.2d 306, 307 (Fla.1984) (quoting Brown v. State, 135 Fla. 30, 184 So. 518, 519-20 (1938)). Moreover, Florida Rule of Criminal Procedure 3.140(o) provides:
No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
See, e.g., Hart v. State, 761 So.2d 334 (Fla. 4th DCA 1998).
The failure to allege that Pena was eighteen at the time of the offense did not render the indictment so vague, inconsistent, and indefinite as to mislead Pena or embarrass him in the preparation of his defense, or expose him to a new prosecution for the same charge. Thus, the error in failing to include the age element in the indictment was not fundamental. Pena was required to preserve the issue of the sufficiency of the indictment by compliance with rule 3.140(o). As the district court found, Pena's defense was based on causation and had nothing to do with his age. In fact, evidence at trial showed that Pena himself told police his date of birth which showed he was twenty-eight at the time of the crime. This is not a situation where the State charged a crime that was totally unsupported by the evidence, or where the *786 State had to prove the value of items when such value was necessary to sustain a higher-grade offense. See, e.g., Troedel v. State, 462 So.2d 392, 394 (Fla.1984) (finding that the conviction imposed upon a crime totally unsupported by evidence constituted fundamental error); E.R. v. State, 806 So.2d 529 (Fla. 2d DCA 2001) (holding that the State's failure to prove value of property stolen required reversal of adjudication of delinquency). Although the charging document in this case failed to allege the age element of first-degree murder by drug distribution, the evidence supported the fact that Pena met the age requirement. Thus, the failure to allege age in this case did not constitute fundamental error, and Pena waived any defects in the document when he failed to object.

II. Excusable and Justifiable Homicide Instructions
The second certified question posed by the Second District asks whether it was fundamental error for the trial court to omit instructions on excusable and justifiable homicide where the evidence did not support these defenses.[1] Pena was charged with both distribution of a controlled substance under section 983.03(1), Florida Statutes (1999), and first-degree murder under section 782.04, Florida Statutes (1999). The State asserted that Pena unlawfully distributed a controlled substance to Fernandes, that Fernandes used the controlled substance, and that the controlled substance was the proximate cause of Fernandes' death. The jury found Pena guilty as charged.
There are no standard jury instructions for the crime of first-degree murder resulting from the unlawful distribution of a controlled substance. Therefore, during the jury instruction conference, the judge invited the prosecutor and defense counsel to submit proposed instructions. Neither party proposed an instruction on excusable or justifiable homicide; nor was there any evidence presented at trial that would support such instructions. Furthermore, Pena made no objection to the instructions that were given. Pena now contends that the failure to give instructions on excusable and justifiable homicide constitutes fundamental error. In order to constitute fundamental error, the error must affect the validity of the trial to the extent that the verdict would not have been the same if the error had not occurred. See State v. Delva, 575 So.2d 643, 644-45 (Fla.1991).
The general rule in homicide trials where manslaughter appears on the verdict form either as a charged or lesser offense is that the jury must be instructed on the definitions of justifiable and excusable homicide. See State v. Lucas, 645 So.2d 425 (Fla.1994). The instructions must be given because manslaughter is a residual offense that can only be fully defined *787 by exclusion of the properly explained defenses of excusable and justifiable homicide. See id. We have held, however, that if the trial court errs in failing to give a proper instruction on a lesser offense, and the lesser offense is more than two steps removed from the offense for which the defendant is convicted, then the error is subject to a harmless error analysis. See Rojas v. State, 552 So.2d 914, 916 n. 1 (Fla.1989) (citing State v. Abreau, 363 So.2d 1063 (Fla.1978)). As this Court explained in Abreau, the significance of the two-steps-removed requirement is more than merely a matter of number or degree. A jury must be given a fair opportunity to exercise its inherent "pardon" power by returning a verdict of guilty as to the next lower crime. If the jury is not properly instructed on the next lower crime, then it is impossible to determine whether, having been properly instructed, it would have found the defendant guilty of the next lesser offense. However, when the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis.
In this case, Pena was charged with and convicted of first-degree murder. The jury verdict form also included the options of finding Pena guilty of second-degree murder, third-degree murder, or manslaughter. Beyond that, the jury could have found Pena guilty of a delivery charge or a possession charge or not guilty of any of the offenses listed. The lesser offense of manslaughter was three steps removed from the conviction of first-degree murder. Thus, because the lesser offense in this case was more than two steps removed from the conviction of first-degree murder, under Rojas and Abreau, the district court properly conducted a harmless error analysis.
As the district court found, the offense described in section 782.04(1)(a)(3) is an unusual form of felony murder because the State does not need to prove that the defendant intended an act of homicide, that the defendant had knowledge of the drug overdose, or that the defendant was even present when the drug overdose occurred. Pena v. State, 829 So.2d 289, 294 (Fla. 2d DCA 2002). Thus, in the factual context of this case, justifiable homicide and excusable homicide were not material issues. We agree with the district court that in this case the jury would have found nothing useful in these instructions in its determination of whether Pena was guilty of first-degree murder or the next lesser offense of second-degree murder.
Pena asserts that the error in this case was fundamental and that he is entitled to a new trial regardless of counsel's failure to object at trial and despite the fact that the justifiable and excusable homicide instructions in this case had no application. For this assertion, Pena relies on Hill v. State, 688 So.2d 901, 906 (Fla.1996) (holding that the standard jury instruction on excusable homicide and justifiable use of deadly force was "required in order to fully instruct on the crimes comprising homicide"), Van Loan v. State, 736 So.2d 803, 804 (Fla. 2d DCA 1999) (stating that the court's failure to read the definitions of excusable and justifiable homicide in all murder cases constitutes fundamental error unless defense counsel "affirmatively agrees to the omission or the alteration of a jury instruction"), Blandon v. State, 657 So.2d 1198, 1199 (Fla. 5th DCA 1995) (finding that the court must give standard jury instruction on justifiable and excusable homicide in all murder cases, "even if there is no basis in fact for the charge" and that the court's failure to do so constitutes fundamental error), and Tamayo v. State, 237 So.2d 251, 253 n. 2 (Fla. 3d DCA 1970) (acknowledging that "[t]he court [should] grant a new trial if ... [it] erroneously *788 instructed the jury on a matter of law or refused to give a proper instruction requested by the defendant") (quoting Fla. R.Crim. P. 1.600(b)(7) (1967)).
None of the cases upon which Pena relies alter the proposition of law under Abreau that requires a harmless error analysis only if the lesser offense is more than two steps removed from the offense for which the defendant is convicted. Furthermore, we find that the facts in this case and the unusual form of felony murder charged here distinguish this case from those cited by Pena. We therefore answer the certified question in the negative and hold that it is not fundamental error for a trial court to omit an instruction on excusable and justifiable homicide when the defendant is charged and convicted of first-degree murder by drug distribution under section 782.04(1)(a)(3), Florida Statutes (1999), there has been no request for such an instruction or an objection to the instructions as given, and the factual circumstances do not support any jury argument relying upon the excusable or justifiable homicide instruction.

CONCLUSION
Because the defendant did not challenge the sufficiency of the indictment or the sufficiency of the jury instructions, and for the reasons more fully set forth above, we answer the certified questions in the negative. We decline to address other issues not part of the certified questions. We approve the decision of the Second District in this case.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, CANTERO, and BELL, JJ., concur.
NOTES
[1] The Florida Standard Jury Instructions in Criminal Cases provides:

Justifiable Homicide § 782.02, Fla. Stat. The killing of a human being is justifiable homicide and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant, or to commit a felony in any dwelling house in which the defendant was at the time of the killing.
Excusable Homicide § 782.03, Fla. Stat. The killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances:
1. When the killing is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or
2. When the killing occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or
3. When the killing is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel and unusual manner.