POLEN, J.
 

 Appellant, Carlos Contreras-Maya-hua, was charged by indictment with second-degree murder as to Adolfo Quiagua Acahua (Count I), and attempted second-degree murder as to Jose Florentino Hernandez-Amador (Count II) for events occurring on October 24, 2006. Following a jury trial, Contreras-Mayahua was convicted of the lesser included offenses of manslaughter (Count I) and aggravated battery (Count II). Contreras-Mayahua now appeals the trial court’s judgment adjudicating him guilty and sentencing him to two prison terms of fifteen years each to run consecutively.
 

 Contreras-Mayahua raises several issues on appeal, but we write only to address whether fundamental error occurred in light of the trial court’s jury instruction on manslaughter by act as a lesser included offense of second-degree murder and the Florida Supreme Court’s recent decision in
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010). In
 
 Montgomery,
 
 the court determined that the State is not required to prove that the defendant intended to kill the victim in order to prove manslaughter by act.
 
 Id.
 
 at 254. The court explained that requiring proof of intent as an element of manslaughter by act would “impose a more stringent finding of intent upon manslaughter than upon second-degree murder, which, like manslaughter, does not require proof that the defendant intended to kill the victim.”
 
 Id.
 
 at 256. The court found that the instruction given in Montgomery’s case (which was identical to that given in the instant case) required the jury to find that the defendant intended to kill the victim in order to convict Montgomery of manslaughter.
 
 Id.
 
 at 256-57.
 

 Finally, the court held that, in Montgomery’s case, the erroneous instruction amounted to fundamental error
 
 [1]
 

 Because Montgomery’s conviction for second-degree murder was only one step removed from the necessarily lesser included offense of manslaughter, under
 
 Pena,
 
 fundamental error occurred in his case which was per se reversible where the manslaughter instruction erroneously imposed upon the jury a requirement to find that Montgomery intended to kill [the victim].
 

 Id.
 
 at 259 (citing
 
 Pena v. State,
 
 901 So.2d 781, 787 (Fla.2005)).
 

 A close reading of
 
 Montgomery
 
 and
 
 Pena
 
 dictates that Contreras-Maya-hua’s judgment and sentence be affirmed.
 
 *863
 
 The court in both Montgomery
 
 [2]
 
 and
 
 Pena
 

 [3]
 

 phrases the issue in terms of the defendant’s
 
 conviction
 
 and its relation to the lesser offense. Here, Contreras-May-ahua’s conviction
 
 is
 
 the lesser offense of manslaughter.
 

 Our holding is in keeping with the concern of the court in
 
 Montgomery
 
 — that a jury which has been instructed that intent is an element of manslaughter but not of second-degree murder, and which finds that the State has not shown intent, would necessarily convict the defendant of second-degree murder. In
 
 Montgomery,
 
 the defendant was convicted of second-degree murder. But here, despite the erroneous instruction, Contreras-Mayahua was convicted of the lesser offense of manslaughter. Therefore, the erroneous instruction could not have influenced the jury to the detriment of Contreras-Mayahua, and thus, could not have constituted fundamental error.
 

 Affirmed.
 

 GERBER and LEVINE, JJ., concur.
 

 [1]
 

 . The
 
 Montgomery
 
 court engaged in fundamental error analysis because defense counsel did not contemporaneously object to the erroneous instruction. 39 So.3d at 258. Defense counsel in the present case also failed to object to the contested instruction, and thus, this court must consider whether giving the erroneous instruction below rose to the level of fundamental error.
 

 [2]
 

 . The lesser included offense of manslaughter is just one step removed from second-degree murder. Because Montgomery's
 
 conviction
 
 for second-degree murder was only one step removed from the necessarily lesser included offense of manslaughter, under
 
 Pena,
 
 fundamental error occurred in his case which was per se reversible where the manslaughter instruction erroneously imposed upon the jury a requirement to find that Montgomery intended to kill Ellis.
 

 Montgomery,
 
 39 So.3d at 259 (emphasis added).
 

 [3]
 

 . [W]hen the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is
 
 convicted,
 
 the error is not per se reversible, but instead is subject to a harmless error analysis.
 

 In this case, Pena was charged with and
 
 convicted
 
 of first-degree murder. The jury verdict form also included the options of finding Pena guilty of second-degree murder, third-degree murder, or manslaughter. Beyond that, the jury could have found Pena guilty of a delivery charge or a possession charge or not guilty of any of the offenses listed. The lesser offense of manslaughter was three steps removed from the
 
 conviction
 
 of first-degree murder. Thus, because the lesser offense in this case was more than two steps removed from the
 
 conviction
 
 of first-degree murder, under
 
 Rojas
 
 [v.
 
 State,
 
 552 So.2d 914 (Fla.1989)] and
 
 [State
 
 v.]
 
 Abreau
 
 [363 So.2d 1063 (Fla.1978)], the district court properly conducted a harmless error analysis.
 

 Pena,
 
 901 So.2d at 787 (emphasis added).