MAY, J.
 

 The defendant appeals his conviction and sentence for first-degree murder and attempted first-degree murder arising from a gang-related shooting. He argues the trial court erred in denying his motion to suppress and in its instructions to the jury on manslaughter and attempted manslaughter. We affirm.
 

 The facts giving rise to these charges occurred in September 2006. The defendant drove three men to a motel parking lot, where the three men exited the car and shot at members of a rival gang. The gunmen returned to the car, and the de
 
 *324
 
 fendant started to drive them away from the scene. As he drove away, the gunmen told him to return to the parking lot “to finish this.”
 

 The defendant returned to the parking lot, where the three gunmen again left the car and began shooting. They got back into the car, and the defendant drove them away. One victim died, another was badly injured, and a third victim was also shot. One of the surviving -victims identified the defendant as the driver.
 

 The defendant was not present when a detective attempted to serve an arrest warrant at his home. The detective asked family members to have the defendant call him. The defendant called the detective later that day and voluntarily came to the police station.
 

 After giving the defendant
 
 Miranda
 

 [1]
 

 warnings, two detectives interrogated him. During the interrogation, the detectives discussed the possible penalties for first-degree murder, the importance of telling the truth, the fact that the rival gang was looking to retaliate against the defendant, and encouraged his cooperation. They did not promise the defendant anything, but did suggest they would help him if he would be truthful with them. While initially denying any involvement, the defendant ultimately made a statement explaining his role as the driver.
 

 The State prosecuted the defendant for one count of first-degree murder and one count of attempted first-degree murder. The defendant filed a motion to suppress alleging the custodial interrogation had been unduly coercive. The trial court took the matter under advisement, but ultimately denied the motion. The trial court gave the standard jury instructions on manslaughter and attempted voluntary manslaughter. The jury convicted the defendant of the crimes as charged. The defendant now challenges the trial court’s ruling on the motion to suppress and the standard jury instructions on manslaughter and attempted manslaughter.
 

 “[A] trial court’s ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling.”
 
 Pagan v. State,
 
 830 So.2d 792, 806 (Fla.2002). On appeal, the court “is bound by the trial court’s factual findings if they are supported by competent, substantial evidence.”
 
 Id.
 

 We have carefully reviewed the transcript of the interrogation. We agree with the trial court that, given the totality of the circumstances, there was no violation of the defendant’s rights.
 
 See Blake v. State,
 
 972 So.2d 839, 843-44 (Fla.2007).
 

 In his second issue, the defendant argues the trial court fundamentally erred in giving the standard jury instructions on manslaughter and attempted manslaughter. The standard manslaughter instruction advised the jury that it had to find the defendant
 
 intentionally
 
 killed the victim. The attempted manslaughter instruction advised the jury that it had to find the defendant attempted to
 
 intentionally
 
 kill the victim.
 
 See State v. Montgomery,
 
 39 So.3d 252 (Fla.2010).
 

 In
 
 Montgomery,
 
 our Supreme Court held the standard jury instruction for manslaughter constituted fundamental error. In doing so, the court explained the error becomes fundamental when the charge of manslaughter was less than two steps from the charge of which the defendant was convicted.
 
 Id.
 
 at 259.
 

 
 *325
 
 Second-degree murder as a lesser included offense is one step removed from first-degree murder, and manslaughter as a lesser included offense is two steps removed from first-degree murder. In
 
 Pena [v. State,
 
 901 So.2d 781 (Fla.2005) ], we concluded that “when the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis.”
 

 Id. (quoting Pena,
 
 901 So.2d at 787). This distinction allows a jury the opportunity to exercise its “pardon” power.
 
 See id.
 

 Here, the jury convicted the defendant of first-degree murder and attempted first-degree murder as charged, crimes two steps removed from the crime of manslaughter and attempted manslaughter, respectively.
 
 [2]
 
 “[T]he error is not [therefore] per se reversible, but instead is subject to a harmless error analysis.”
 
 Pena,
 
 901 So.2d at 787. Given the defendant’s admissible confession in this ease, we find the error harmless.
 

 Affirmed.
 

 POLEN, J., and GATES, MICHAEL L., Associate Judge, concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [2]
 

 . We have also recently held that the standard jury instruction on attempted manslaughter does not possess the same fatal flaw as the standard jury instruction on manslaughter.
 
 See Williams v. State,
 
 40 So.3d 72, 73-74 (Fla. 4th DCA 2010).