DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CORNELL ROBERTS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3877

[April 1, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. 16-003909CF10A.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Due to a change in the law implemented by the Florida Supreme Court, we withdraw our earlier opinion in this case and affirm the conviction.

Cornell Roberts was charged with attempted first-degree murder. Following a jury trial, he was convicted of the lesser included offense of attempted second-degree murder. We reversed the conviction and remanded for a new trial on the State's concession that "the trial court's failure to instruct the jury on the necessarily included offense of attempted manslaughter by act amounted to fundamental error because that offense is one step removed from the convicted offense of attempted second degree murder." *Roberts v. State*, 268 So. 3d 147, 147 (Fla. 4th DCA 2018).

After the opinion issued, the State timely moved to stay issuance of the mandate pending the resolution of *Knight v. State*, 267 So. 3d 38 (Fla. 1st DCA 2018), a case then pending before the Florida Supreme Court. We granted the motion.

Last year, the Supreme Court decided *Knight v. State*, 286 So. 3d 147 (Fla. 2019). Based on that decision, the State urged this court to withdraw our previous opinion and affirm the defendant's conviction. The defendant responded, maintaining that reversal is still appropriate.

*FACTS*

Cornell Roberts was charged with attempted first-degree murder. The jury was given the following instruction:

> 3.4 WHEN THERE ARE LESSER INCLUDED CRIMES OR ATTEMPTS
>
> In considering the evidence, you should consider the possibility that although the evidence may not convince you that the defendant committed the main crime of which he is accused, there may be evidence that he committed other acts that would constitute a lesser included crime or crimes. Therefore, if you decide that the main accusation has not been proved beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime.
>
> The lesser crimes indicated in the definition of Attempted Murder — First Degree:
>
> > Attempted Murder — Second Degree
> > Aggravated Battery

Defense counsel did not object to the instruction given. The jury found the defendant guilty of the lesser included offense of Attempted Murder — Second Degree.

The jury instructions given were incorrect because attempted manslaughter by act was not included in the list of lesser included crimes. Attempted manslaughter by act is one step removed from the offense of conviction, attempted second-degree murder.

The sole issue on appeal is whether the trial court committed *fundamental* error when it failed to instruct the jury on the lesser included crime of attempted manslaughter by act.

*DISCUSSION*

Whether the trial court committed fundamental error by failing to instruct the jury on a lesser included offense is a pure question of law subject to de novo review. *Walton v. State*, 208 So. 3d 60, 64 (Fla. 2016).

A criminal defendant is entitled to an accurate instruction on lesser included offenses. *State v. Montgomery*, 39 So. 3d 252, 258 (Fla. 2010). Jury instruction errors are subject to the contemporaneous objection rule. *Knight*, 286 So. 3d at 151. This means that in "the absence of a contemporaneous objection at trial, a jury instruction error is only subject to relief in the event of fundamental error." *Id.* Until recently, the Supreme Court "repeatedly held that the failure to correctly instruct the jury on a necessarily lesser included offense constitute[d] fundamental error." *Walton*, 208 So. 3d at 65 (citing *Williams v. State*, 123 So. 3d 23, 27 (Fla. 2013); *Montgomery*, 39 So. 3d at 259). The Court reasoned that instructions on lesser included offenses allow the jury to exercise its inherent pardon power. As explained in *Pena v. State*, 901 So. 2d 781 (Fla. 2005):

> A jury must be given a fair opportunity to exercise its inherent "pardon" power by returning a verdict of guilty as to the next lower crime. If the jury is not properly instructed on the next lower crime, then it is impossible to determine whether, having been properly instructed, it would have found the defendant guilty of the next lesser offense.

*Id.* at 787.

This case does not involve an improper instruction – it concerns giving no instruction at all on a necessarily lesser included offense. There was no contemporaneous objection to the failure to instruct on the lesser included offense. The Supreme Court discussed the effect of a failure to give such an instruction in *Walton*, reasoning that "[i]f giving an incorrect instruction on a necessarily lesser included offense constitutes fundamental error, then *a fortiori* giving no instruction at all likewise constitutes fundamental error." *Walton*, 208 So. 3d at 65.

When this case was briefed in October 2018, we accepted the State's concession of error, and, citing *Walton*, 208 So. 3d at 64, found that "the trial court's failure to instruct the jury on the necessarily included offense of attempted manslaughter by act amounted to fundamental error because

that offense is one step removed from the convicted offense of attempted second degree murder." *Roberts*, 268 So. 3d at 147.

*Walton* is no longer viable because, in *Knight*, the Supreme Court expressly receded from the two cases upon which *Walton* relied. The Court held that in those cases its fundamental error analysis erroneously transformed "the unreviewable pardon power of the jury into a fundamental right of the defendant." *Knight*, 286 So. 3d at 151. The Court also found that it erred in those cases "by treating the deprivation of the defendant's nonexistent right to the availability of a jury pardon as a structural defect that vitiates the fairness of the trial." *Id*. The Court receded from its precedents "to the extent they found fundamental error based on an erroneous jury instruction for a lesser included offense one step removed from the offense of conviction." *Id*. at 151-52. The Court also receded from those "precedents relying on a right of access to a partial jury nullification as a basis for finding fundamental error in jury instructions." *Id*. at 153. The Court held:

> [T]he fundamental error test for jury instructions cannot be met where, as in this case, there was no error in the jury instruction for the offense of conviction and there is no claim that the evidence at trial was insufficient to support that conviction.

*Id*. at 151.

*Knight* involved the giving of an erroneous instruction on a lesser included offense. The issue here, however, is whether it is still fundamental error for the court to fail to give *any* instruction on a lesser included offense. We see no reason that the failure to give an instruction should be treated differently than the giving of an erroneous instruction in a fundamental error analysis.

We agree with the first district that the failure to give an instruction on a lesser included offense is not fundamental error. *See Weaver v. State*, 45 Fla. L. Weekly D198 (Fla. 1st DCA Jan. 23, 2020). In *Weaver*, the defendant was convicted of sexual battery upon a person less than twelve years of age and argued that the trial court committed fundamental error when it failed to give a jury instruction on lewd or lascivious battery, a lesser included offense. Citing *Knight*, the first district determined that there was no fundamental error:

> [T]he Florida Supreme Court recently receded from prior precedent and now rejects recognition of a fundamental right

- 4 -

to jury instructions that facilitate partial jury nullification. Thus, instruction error is no longer considered per se reversible. Rather, where there is no error in the jury instruction on the offense of conviction, and the evidence supports that conviction, the defendant's judgment must be affirmed.

*Weaver*, 45 Fla. L. Weekly at D199.

The continued viability of *Walton* is further undermined because *Knight* receded from *Haygood v. State*, 109 So. 3d 735 (Fla. 2013). *Haygood* included a dissent by Justice Canady in which he explained the analytical problems with the jury pardon doctrine. *Id.* at 746-52. The *Knight* majority quoted Justice Canady's *Haygood* dissent at length and cited its reasoning with approval. Justice Canady also dissented in *Walton*, quoting his *Haygood* dissent. *Walton*, 208 So. 3d at 70.

While *Knight* did not expressly recede from *Walton*, it receded from both of the cases upon which *Walton* relied and adopted the reasoning of Justice Canady's dissent in *Walton*.

The new rule of law, as recognized in *Weaver*, is that there is no fundamental error in jury instructions where "there was no error in the jury instruction for the offense of conviction and there is no claim that the evidence at trial was insufficient to support that conviction." *Knight*, 286 So. 3d at 151. Applying *Knight* to this case, there was no fundamental error in the jury instructions because there was no error in the jury instruction for the offense of conviction (attempted second-degree murder), and the evidence at trial was sufficient to support the defendant's conviction for that crime.

We withdraw our prior opinion in this case and affirm the final judgment of conviction.

MAY and DAMOORGIAN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***